**ROBERT G. AMSEL, FBN 349690**
**ROSS AMSEL RABEN**
**NASCIMENTO PLLC**
**2250 Southwest 3rd Avenue**
**Suite 400**
**Miami, Florida 33129**
**(305) 858-9550 office**
**E-mail:  BobAmsel@crimlawfirm.com**

**Attorney for Plaintiff**
**Robert Williams**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

ROBERT WILLIAMS,                                      CASE NO.

     Plaintiff.

                                     **MOTION FOR RETURN OF**
v.                                                                          **PROPERTY PURSUANT TO**
                                     **RULE 41(g) FED. RULES CRIM.**
UNITED STATES OF AMERICA,                    **PROC., THE CIVIL ASSET**
                                     **FORFEITURE REFORM ACT OF**
     Defendant.                                                 **2000 (CAFRA), THE DUE**
                                     **PROCESS CLAUSE OF THE**
_____/               **FIFTH AMENDMENT, AND/OR**
                                     **THE EQUITABLE**
                                     **JURISDICTION OF THE COURT AND**
                                     **MEMORANDUM OF LAW IN**
                                     **SUPPORT**

     Plaintiff, Robert Williams, through undersigned counsel, and pursuant to 18 U.S.C.  §§ 981

& 983, Rule 41(g) of the Federal Rules of Criminal Procedure, and/or the equitable jurisdiction of

this Court, files this Motion for Return of Property and Memorandum of Law in Support seeking

the return of  $101,756.04 in U.S. Currency (United States Secret Service Asset ID No. 215-2021-

005-001, Agency Case No. 215-813-10619) seized from Plaintiff's Wells Fargo Bank Account

No. 1900308188 located in the Southern District of Florida in the name of Plaintiff's company, Rebel T Music Inc., and $32,654.02 in U.S. Currency (United States Secret Service Asset ID No. 215-2021-004-001, Agency Case No. 215-813-10619) seized from Plaintiff's Bank of America Account No. 898113896559 located in the Southern District of Florida in the name of Plaintiff's company, Rebel T Music Inc. on or around May 12 and 13, 2021.

The property was seized by the government, but the government has not complied with the applicable statutes nor filed a judicial complaint against the seized currency within 90 days of Plaintiff's administrative claim and it must therefore be returned to Plaintiff.  Plaintiff alternatively asks this Court to use its equitable power and order the government to file a complaint for forfeiture against the subject property within 90 days from its order or return the property to Plaintiff.

This motion is predicated on the statement of facts, the memorandum of law which follows, the attached exhibits and on any further argument and points and authorities as may later be presented to this Court, and on further argument to be presented at the time of hearing.

## STATEMENT OF FACTS

1. On or around May 12 and 13, 2021, the United States Secret Service ("USSS") seized $101,756.04 in U.S. Currency (United States Secret Service Asset ID No. 215-2021-005-001, Agency case No. 215-813-10619) from Plaintiff's Wells Fargo Bank Account No. 1900308188 located in the Southern District of Florida in the name of Plaintiff's company, Rebel T Music Inc., and $32,654.02 in U.S. Currency (United States Secret Service Asset ID No. 215-2021-004-001, Agency case No. 215-813-10619) seized from Plaintiff's Bank of America Account No. 898113896559 located in the Southern District of Florida in the name of Plaintiff's company, Rebel T Music Inc. *See* Seizure of Property letter dated August 18, 2021 attached as Exhibit A.

2. The seizure letter alleged that the currency was used in, or acquired by, violation of Title 18 USC 1343. The letter provided Plaintiff with three options: (1) agree to the forfeiture and petition the USSS for return or remission of the forfeited property; (2) contest the forfeiture in United States District Court by filing a "Seized Asset Claim Form" or (3) do nothing if Plaintiff had no interest in the currency. As the letter did not afford Plaintiff with the option to petition for return or remission and then contest the matter in District Court if Plaintiff was dissatisfied with the administrative decision, Plaintiff decided to file the Seized Asset Claim Form and contest the forfeiture in District Court. *See* executed claim form attached as Exhibit B.

3. The seizure letter instructed Plaintiff that to contest the forfeiture in U.S. District Court, "you must file a Claim of Ownership using the attached 'Seized Asset Claim Form' with the USSS by September 22, 2021," and that all documents be submitted "via commercial carrier (e.g., FedEx, DHL, UPS)." Significantly, the letter did not specify that to be timely filed, the claim form must be *actually received* by USSS on or before September 22, 2021. Absent any instructions in the seizure letter to the contrary, Plaintiff's counsel believed that the claim would be timely "filed" if it was postmarked on or before September 22, 2021. However, in an abundance of caution, Plaintiff's counsel delivered the claim form to FedEx, (one of the commercial carriers suggested by USSS), on September 21, 2021, for "FedEx Priority Overnight" for delivery on the "Next business morning," which would have been September 22, 2021. *See*, FedEx Package US Airbill attached as Exhibit C. Despite FedEx's receipt of the claim form on September 21, 2021 and its assurance that it would be delivered the next business morning on September 22, 2021, it was inexplicably delivered on September 23, 2021 at 10:07am. *See,* FedEx Proof of Delivery letter attached as Exhibit D.

4. Plaintiff subsequently received a letter from USSS dated September 27, 2021, denying Plaintiff's claim as being untimely filed because it was received on September 24, 2021. *See*, USSS September 27, 2021 letter attached as <u>Exhibit E</u>.

5. Plaintiff responded by pointing out that he followed USSS's instructions and relied on FedEx's representation that the claim would be delivered on the morning of September 22, 2021 and should not be faulted for relying on the representation of a commercial carrier recommended by USSS. Plaintiff also requested return of the funds because, pursuant to Title 18 USC 983 (a)(1)(A)(i), notice to plaintiff should have been sent "no later than 60 days after the date of the seizure." As the seizure letter was dated August 18, 2021, more than 60 days after the seizure dates of May 12 and 13, 2021, the funds should be returned. *See* Plaintiff's letter dated September 30, 2021 attached as <u>Exhibit F</u>.

6. USSS responded that FedEx's delivery delay did not justify tolling of the filing deadline in 18 USC 983 (a)(2)(B), citing *Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017). USSG also acknowledged that it attempted to notify Plaintiff within 60 days of the seizure, but one notice was returned as undeliverable, and the other was unclaimed. The agency concluded that these attempts satisfied 18 USC 983 (a)(1)(A)(i). *See*, USSG letter dated October 7, 2021 attached as <u>Exhibit G</u>.

7. Plaintiff responded by first requesting that USSS advise on what date the Notice of Seizure letter was actually placed in the mail, as the 35-day time limit in 18 USC§ 983(a)(2)(B) begins to run from the day it is placed in the mail. (See *Conkey v. United States*, 545 F. Supp.2d 1013 (N.D. California 2008)). Plaintiff asserted that if it was mailed on or after August 19, 2021, then the claim was unquestionably timely received by USSS. Plaintiff next requested that USSG exercise its discretion in tolling the deadline set forth in 18 USC § 983(a)(2)(B) for one day and

transfer this case to District Court to afford Plaintiff due process of law noting that USSS was not prejudiced in the least by receiving the claim one day late. Plaintiff also factually and legally distinguished *Oakafor, supra*. upon which USSG relied in refusing to toll the filing deadline by one day. Plaintiff noted that unlike Okafar, *supra*., the Notice of Seizure letter sent to Mr. Williams did not define the word "file" when it directed that he "file" his claim with the USSS by September 22, 2021. In *Okafor*, the claimant and his attorney were warned in Okafor's Notice of Seizure letter, in capital letters, that: "A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE." Plaintiff also advised USSG that USSS's failure to similarly define "filing" caused his counsel to believe that the "mailbox rule" applied to filing his claim. The combination of these facts, Plaintiff asserted, constitutes "extraordinary circumstances" warranting equitable tolling by one day and distinguishes this case from *Okafar*. Plaintiff cited numerous cases where the government was routinely excused from filing deadlines in very similar circumstances. Finally, Plaintiff again requested return of the funds for USSS's failure to timely send notice to Plaintiff by waiting 57 days to mail the notices and waiting an additional 39 days to finally send the notice Plaintiff actually received, in violation of 18 USC 983 (a)(1)(A)(i). *See*, Plaintiff's letter dated October 20, 2021 attached as <u>Exhibit H</u>.

8. Receiving no response to his October 20, 2021 letter for six months, Plaintiff requested a response. *See,* Plaintiff's letter dated April 20, 2022, attached as <u>Exhibit I</u>. Receiving no response to this inquiry for an additional over seven months, Plaintiff again implored USSS to respond, as Plaintiff's due process rights were being violated. *See*, Plaintiff's letter dated December 12, 2022 as <u>Exhibit J</u>. Finally, on December 29, 2022, USSS responded by ignoring all arguments in

Plaintiff's October 20, 2021 letter and simply noted, "we consider this matter closed." *See*, USSS's letter dated December 29, 2022 attached as <u>Exhibit K</u>. This motion follows.

## ARGUMENT AND MEMORANDUM OF LAW

Plaintiff contends that Defendant should return the subject property forthwith or, alternatively, that this Court use its equitable powers to require Defendant to institute a judicial forfeiture action within 90 days or return the property.

**I.     A motion for Return of property, pursuant to Fed.R.Crim.P 41(g) is appropriate where the property is being unlawfully withheld.**

Plaintiff makes this motion pursuant to Federal Rules of Criminal Procedure, Rule 41(g), which provides:

> A person aggrieved by an unlawful search and seizure or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

The United States Supreme Court has identified a Rule 41 motion as the appropriate course when contesting an improper seizure. In *United States v. $8,850 in US. Currency,* 461U.S. 555,569 (1983), the court held that "if the claimant believes the initial seizure was improper, he could file a motion under Federal Rule of Criminal Procedure 41(e) for a return of the seized property."

While a district court does not have jurisdiction to review the merits of administrative forfeiture decisions,  *Arango v. United States Dep't of the Treasury,* 115 F.3d 922, 925 (11th Cir. 1997), it has jurisdiction over claims that "do not challenge the forfeiture determination on its merits but rather seek review of the adjudicatory process itself." *Id*. In *Arango,* the Eleventh Circuit

held that because "Arango's claim that he was improperly denied a judicial forum challenges the procedural safeguards attending the forfeiture, his claim arises under Fifth Amendment's Due Process Clause and the Administrative Procedure Act …and comes within our federal question jurisdiction under 28 U.S.C. § 1331." *Id .* at 925. *See also*, *Mesa Valderrama v. United States,* 417 F.3d 1189, 1196 (11th Cir. 2005); *Scarabin v. Drug Enforcement Admin.,* 919 F.2d 337, 338 (5th Cir. 1990). In the instant case, Plaintiff seeks review of the adjudicatory process itself and asserts that he was improperly denied a judicial forum to challenge the forfeiture. As such, this court has jurisdiction and a Motion for Return of Property under Rule 41(g) is the appropriate vehicle with which to bring this claim. *See*, *United States v. Martinson,* 809 F.2d 1364, 1366-1367 (9th Cir. 1987) ("A district court has jurisdiction to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant….Such motions are treated as civil equitable proceedings even if styled as being pursuant to Fed. R. Crim. 41(e)…In ruling on the motion, the court must take into account all equitable considerations.").

## II.    Defendant must return the property because it has not filed a forfeiture action within 90 days of Plaintiff filing his administrative claim.

Here, Plaintiff is "aggrieved ... by the deprivation of property" at the hands of the government, is entitled per Rule 41(g) to "move for the property's return" in this "district where the property was seized", and this Court should "return the property to [him as] the movant" . Using that procedural tool, Plaintiff is entitled, per 18 U.S.C. §983(a)(3), to the return of his seized subject property because the government failed to file a judicial complaint for forfeiture against the property within 90 days of Plaintiff filing his administrative claim.

18 USC§ 983(a)(2) provides:

> (**A**) Any person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure.

(**B**) A claim under subparagraph (A) may be filed not later than the deadline set forth in a personal notice letter (***which deadline may be not earlier than 35 days after the date the letter is mailed***), except that if that letter is not received, then a claim may be filed not later than 30 days after the date of final publication of notice of seizure.

(emphasis added) The 35-day time limit in 18 USC§ 983(a)(2)(B) begins to run from the day it is placed in the mail. *See, Conkey v. United States*, 545 F. Supp.2d 1013 (N.D. California 2008).

While the personal notice letter sent to plaintiff was dated August 18, 20212, it is not known what day it was mailed. Plaintiff asked USSS what date the letter was mailed (*see*, Plaintiff's letter to USSS dated October 20, 2021, <u>Exhibit H,</u> at p.1), but USSS ignored this inquiry. If the letter was mailed on or after August 19, 2021, Plaintiff's claim was timely filed. 18 U.S.C. §983(a)(3)(A) provides:  "Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims ***or return the property pending the filing of a complaint…***". (emphasis added). Plaintiff would therefore be entitled to the return of his seized funds because the government failed to file a judicial complaint for forfeiture against the property within 90 days of Plaintiff filing his administrative claim.

Moreover, Plaintiff requests return of his funds because he was not provided notice within 60 days of USSS's seizure of his funds as required by 18 USC § 983 (a)(1)(A)(i). That section requires the seizing agency "to send written notice to interested parties ... in a manner to achieve proper notice ***as soon as practicable***, and in no case more than 60 days after the date of the seizure." (emphasis added). According to the seizure letter, the funds were seized on May 12 & 13, 2021. However, USSS did not send notice to Mr. Williams "as soon as practicable.," but instead waited 57 days before first sending him certified letters, one of which was returned as unclaimed and the other as undeliverable. USSS waited ***another*** 39 days after the return of these letters to try again. If notice sent by certified mail is returned unclaimed, the government must take "additional

reasonable steps" if practicable to provide a property owner with notice. *Jones v. Flowers*, 547 U.S. 220 ,235 (2006) (addressing due process requirements of notice to the owner of real property before a tax sale). Such additional steps may include, for example, re-sending a notice by regular mail or posting notice on a front door. *Flowers*, 547 U.S. at 234-35, *see also Flowers*, 547 U.S. at 230 ("[W]hen a letter is returned by the post office, the sender will ordinarily attempt to resend it, if it is practicable to do so.") (Citing *Small v. United States*, 136 F.3d 1334, 1337 (D.C.Cir.1998)). If practicable, additional steps are required even if at the time of mailing the certified mail was reasonably calculated to provide actual notice. *Flowers,* 547 U.S. at 238. Had USSS not waited 57 days before first attempting to notify Plaintiff, it could have taken additional steps to make sure he would be notified of the seizure in a timely manner as required by statute. Failure of the seizing agency to achieve proper notice to Plaintiff within 60 days of the seizure requires the Government to "return the property to that person without prejudice to the right of the Government to commence a forfeiture proceeding at a later time." 18 USC 983 (a)(1)(F).

III.    **Alternatively, this court should exercise its discretion to deem Plaintiff's claim timely, and direct Defendant to file a judicial complaint for forfeiture within 90 Days or return the property.**

Alternatively, Plaintiff requests that this Court use its equitable power to toll the statutory deadline for an administrative claim, deem Plaintiffs claim timely filed with USSS, and require the government to file an action in federal court within 90 days or return the property.

It is well-established that this Court can use its equitable power to toll the statutory deadline for an administrative claim, deem Plaintiffs claim timely filed with USSS, and require the government to file an action in federal court within 90 days or return the property pursuant to 8 U.S.C. §983(a)(3), with the 90 day filing period commencing from the date of entry of the Court's order. *See, e.g., In re Return of Seized $11,915 in United States Currency*, 2012 U.S. Dist. LEXIS

99154 (S.D. Cal. July 17, 2012). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

USSS's reliance upon *Okafor v. United States*, 846 F.3d 337 (9th Cir. 2017) is misplaced. In *Okafar*, Okafor's attorney tendered his client's claim to FedEx Corporation ("FedEx") on June 4th for overnight delivery to the DEA. However, the DEA did not receive the claim until June 6, one day beyond the filing deadline noted in the seizure letter. Thus, the DEA deemed Okafor's claim untimely. In refusing to toll the deadline, the Okafor court held:

> Even if, as Okafor contends, his counsel delivered his claim to FedEx for overnight delivery before the close of business on June 4, FedEx's purported delivery delay does not constitute the kind of extraordinary circumstance that we have found to justify equitable tolling. We have noted that an attorney's filing by mail shortly before a deadline expires constitutes routine negligence. *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). We "do not recognize run-of-the mill mistakes as grounds for equitable tolling because doing so 'would essentially equitably toll limitations periods for every person whose attorney missed a deadline.' " *Id.* at 647

Unlike the Notice of Seizure letter sent to Okafor, the letter sent to Plaintiff did not define the word "file" when it directed that he "file" his claim with the USSS by September 22, 2021. In *Okafor*, the claimant and his attorney were warned in the Notice of Seizure letter, in capital letters, that: "A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHEROF THE ADDRESSES NOTED ABOVE." *See* Notice of Seizure letter mailed in *Okafor* attached as <u>Exhibit L</u>. Indeed, in denying Okafor's claim as untimely, the DEA stressed the fact that the Notice of Seizure letter specifically warned that the claim would be deemed "filed" when the agency "***actually*** received" it. See letter from DEA attached as <u>Exhibit</u>

<u>M</u>, p.2 (emphasis in original). No such language is contained anywhere in the Notice of Seizure letter sent to Plaintiff. USSS's failure to define "filing" like all other agencies do is a trap for the unwary.

Every reported case reviewed by undersigned raising issues like the ones in this case involved Notice of Seizure letters which contained warnings that filing a claim by the due date means that it must be received by that date. *See e.g. United States v. $183,026.00,* No.2:13-cv-344-TLS-JEM, 2014 WL 3734172 (N.D. Indiana July 29, 2014); *United States v. $67,486.00,* No. 16-cv-01129-WYD, 2017 WL 3584865 (D. Colorado June 6, 2017); *Sandoval v. United States*, No. 00-CIV-1259-AGS, 2001 WL 300729 (S.D. New York March 28, 2001); *United States v. $14,610.00*, No. 1:14-cv-01637-JMS-TAB, 2016 WL 772745 (S.D. Indiana). Seeing no such warning, Plaintiff's counsel was under the misimpression that the "mailbox rule" applied to filing the claim. While the prevailing authority is that the "mailbox rule" does not apply to mailing claims, the question of whether it does has been raised and discussed in several cases. *See e.g. United States v. Funds From Fifth Third Bank*, No. 13-11728, 2013 WL 5914101 (E.D. Mich. Nov. 4, 2013); *United States v. $65,930*, No. 3:03CV01625(RNC), 2006 WL 923704 (D. Connecticut March 28, 2006)

While the court in *Okafor, supra.* held that an attorney's filing by mail shortly before a deadline expires constitutes "routine negligence" which does not rise to the level of an "extraordinary circumstance" justifying equitable tolling, in the instant case we have the additional circumstances that: (1) the notice of seizure letter failed to warn that "filing" a claim means actual receipt of it on or before the due date and, (2) Plaintiff's counsel believed that the "mailbox rule" applied. The combination of these facts constitutes "extraordinary circumstances" warranting equitable tolling by one day and distinguishes this case from *Okafor.*

Indeed, case law is replete with "mistakes" by the government causing it to miss CAFRA deadlines, to which the court applied equitable tolling to assure that the government would not have to return the seized funds. For example, in *United States v. $39,480*, 190 F.Supp.2d 929 (W.D. Texas 2002), an employee of the seizing agency placed an incorrect date stamp on a claim that was forwarded to the U.S. Attorney's office, causing the Complaint to be filed one day late, in violation of 18 USC§ 983 (a)(3)(A). The government had no explanation for why one of its own employees made such a mistake. In excusing this error and equitably tolling the 90-day rule by one day, the court stated:

> Here, strict construction of the statute would result in dismissal of the case, the return of the property to Bullock, and the inability of the government to bring future civil forfeiture actions against the respondent property. Upon considering the relevant circumstances of the government's one day delay in filing its Complaint, the court hesitates to construe the statute strictly.
>
> First, the government has acted diligently and with good faith in prosecuting the instant case. If the July 27 date-stamp on the copy in the possession of the United States Attorney had been correct, the government would have been in full compliance with the ninety-day limitations period. Instead, the government's good faith reliance on the July 27 date stamp caused it to miss the filing deadline by one day. The government made every effort to comply with both the spirit and letter of the law and was clearly not attempting to frustrate the purpose of the statutory deadline by holding the Respondent Property for an extended period without commencing forfeiture proceedings.
>
> Furthermore, the one-day delay does not prejudice Bullock in any meaningful way. She does not assert that she is under any specific hardship because of the seizure of the money, and an additional day is so inconsequential that it could not significantly exacerbate any difficulty. Likewise, the additional day does not compromise the merits of Bullock's claim in any respect. She will still have her day in court and is not prejudiced solely because the Government's claim may turn out to be meritorious.

> In contrast to the lack of prejudice to Bullock, dismissal of the Government's complaint would have a draconian effect on the Government's case. Granting the Motion to Dismiss would force the Government to release the Respondent Property and bar it from any further action to effect civil forfeiture of that property. This harsh result seems inequitable in light of the Government's good faith attempt to comply with section 983 and the minimal delay caused by its unintentional non-compliance.

> Finally, the Court combines its consideration of the above factors with its strong preference for resolving disputes on the merits, when possible, instead of determining the outcome solely on technical or procedural grounds.

*Id.* at 932-933.

It seems unfair to find that a mistake by an agency's employee is excusable, warranting a one day tolling as was found in *$39,480, supra*., but a mistake by Plaintiff made in reliance on USSS's recommended carrier in the instant case should not be excused. Misdating a document by the seizing agency was not considered "routine negligence" in *$39,480, supra*. thereby avoiding the "draconian effect" and "harsh result" of permanently releasing the seized funds back to the claimant. Plaintiff mailing a claim the day before a filing deadline in reliance upon the carrier's promise should likewise be excused to avoid the draconian and harsh result of Plaintiff permanently losing his funds without due process of law.

Indeed, undersigned counsel's mailing the claim shortly before the filing deadline is virtually identical to the government waiting until what it thought was the 90th day to file its complaint in *$39,480, supra*. Had the government not waited until the last day to file, there would have been no issue to litigate. Yet the court in *$39,480, supra*. did not find the government's late

filing "routine negligence" unworthy of tolling the time period.[1] Simply put, "what's good for the goose, is good for the gander."

Plaintiff's counsel's mistake that the "mailbox rule" applied here, due to USSS's failing to define "file" as actual receipt, is no different than the government's misapprehension of the law or other mistakes it has made in numerous cases where courts excused such errors and equitably tolled a CAFRA deadline. *See e.g. United States v. $34,929.00*, No.2:09-cv-734, 2010 WL 481250 (S.D. Ohio February 5, 2010) (government's error that claim was not signed under penalty of perjury was excused and equitable tolling applied); *United States v. $114,143.00*, 609 F.Supp.2d 1321 (S.D. Fla. 2009) (government's improper rejection of claim excused and equitable tolling applied); *Longenette v. Krusing*, 322 F.3d 758, 768 (3d Cir.2003) (tolling statute of limitations under 19 U.S.C. § 1621 to allow Government to file a judicial forfeiture action where Government acted in good faith in rejecting, as untimely, a claim filed in administrative forfeiture proceedings); *United States v. $9,630 in US. Currency*, 2006 WL 3813590 (D.Utah Dec. 21, 2006) (finding that ninety-day period began to run once claimant filed second claim where Government rejected initial claim in good faith, even if initial claim contained all the requisite elements of a valid claim); *Hammoud v. Woodard*, 2006 WL 381642 (E.D.Mich. Feb. 17, 2006) (finding Government's mistaken belief that it had authority to reject claim for lack of standing was "good cause" to extend the ninety-day period to file forfeiture complaint and rejecting claimant's request to release the seized funds). The same standard and reasoning should apply to the instant case where despite a reasonable misunderstanding by Plaintiff's counsel, Plaintiff proceeded in good faith.

---

[1] In fact, the government is routinely excused for waiting until the 90th day to file its Complaint resulting in litigation over tolling. *See e.g., United States v. Yukon Denali*, No. cv-6890-LGB, 2003 WL 27177023 (C.D. California December 4, 2003); *United States v.$229,850, supra*.

As a general rule, forfeitures are not favored by the law. *United States v. $39,480.00, supra*. at 931-32. Indeed, CAFRA was enacted, in part, as a reaction to the public's perception that there was unfairness and inequity in the way the law favored the government, as opposed to claimants, when it seeks to take and keep people's property. *See generally, United States v. $229, 850.00*, *supra*. at 1177. Accordingly, "there is a strong preference for resolving disputes on the merits, when possible, instead of determining the outcome solely on technical or procedural grounds." *Id.* at 1184. It has been made very clear that "the purpose of the equitable tolling doctrine is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court. Equitable tolling also serves to prevent the unjust technical forfeiture of causes of action." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008).

The Defendant had the power to exercise its discretion to equitably toll the time limit by one day to avoid the "draconian" and "harsh" result of permanently depriving Plaintiff of his funds without a scintilla of due process. The Defendant would not have been prejudiced in any way by this short delay. Based on the totality of the circumstances as set forth above, equitable tolling is the fair, balanced and just result. Like all Americans, Mr. Williams deserves his day in court before he is permanently deprived of his property.

## **CONCLUSION**

For the foregoing reasons, Plaintiff, Robert Williams,  respectfully requests that this Court grant this motion for return of property and order the government to return his seized $134,410.06 to him forthwith**.** Alternatively, Plaintiff respectfully requests that this court exercise its discretion to deem his claim timely, and direct the Defendant to file a judicial complaint for forfeiture within 90 days.

Respectfully submitted,

_/s/ Robert G. Amsel_____
ROBERT G. AMSEL, ESQUIRE
Florida Bar No. 349690
ROSS AMSEL RABEN NASCIMENT PLLC
2250 Southwest 3rd Avenue, Suite 400
Miami, Florida 33129
Telephone:  305-858-9550 office
E-mail:  BobAmsel@crimlawfirm.com

Attorney for Plaintiff
Robert Williams