

U.S. Department of Homeland Security
UNITED STATES SECRET SERVICE

08/18/2021

Robert D. Williams
9910 Southwest 12th Street
Pembroke Pines, FL 33025

RE:   Seizure of Property

        Agency Case Number  : 215-813-10619
        Seizure Number(s)     : 215-2021-004, 215-2021-005
        Asset Identification   : See Attached List

Dear Mr. Williams:

On 05/12/2021 in Newark, DE and on 05/13/2021 in Columbus, OH, the properties
described in the attached list were seized for forfeiture by the United States Secret
Service (USSS) from Robert D. Williams. These items are subject to forfeiture pursuant
to Title 18 USC 981 as properties that were used in, or acquired by, violation of
Title 18 USC 1343.

As you (or, if applicable, your organization) have been identified as a potential interested
party in this matter, this letter is to inform you of the following options:

1.  You may agree to the forfeiture and petition the USSS for return/remission of the
    forfeited property by filing the attached "Petition for Remission/Mitigation" form.

2.  You may disagree with the forfeiture and seek to contest it in United States
    District Court by filing a claim with the attached "Seized Asset Claim Form."

3.  You may have no interest in this property and therefore do not need to respond to
    this letter in any manner.

## To Request Remission or Mitigation of Forfeiture

If you agree with the USSS that the property is subject to forfeiture and wish to have the
USSS, through the administrative process, determine whether to remit (i.e., return the
property (or your interest in it) or the value thereof) or mitigate (i.e., return the property
or the value thereof upon imposition of a penalty) the forfeiture, you must submit the
attached "Petition for Remission or Mitigation" form to the address indicated below.

The petition must include proof of your interest in the property supported by bills of sale,
contracts, mortgages, or other satisfactory documentary evidence and must include the
facts and circumstances that you believe justify remission or mitigation of forfeiture.   In
order to obtain remission or mitigation of the forfeiture, the petitioner must satisfactorily
establish the following:

1. With respect to a property interest in existence at the time that the illegal conduct giving rise to forfeiture took place, a petitioner must establish the following:
   a. a legally cognizable property interest in the seized property; and
   b. no knowledge of the conduct giving rise to the forfeiture; or
   c. upon learning of the conduct giving rise to the forfeiture, the petitioner did all that reasonably could be expected under the circumstances to terminate such use of the property.

2. With respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, a petition must establish:
   a. a legally cognizable property interest in the seized property;
   b. at the time the property interest was acquired, that the petitioner was a bona fide purchaser or seller for value; and
   c. that the petitioner did not know and was reasonably without cause to believe that the property was subject to forfeiture.

3. A petitioner who cannot establish a property interest in the property, may obtain remission or mitigation of the forfeiture if the petition established that:
   a. a pecuniary loss of a specific amount has been directly caused by the criminal offense, or related offense, that was the underlying basis for the forfeiture supported by documentary evidence including invoices and receipts;
   b. the pecuniary loss is the direct result of the illegal acts and is not the result of otherwise lawful acts that were committed in the course of a criminal offense;
   c. the victim did not knowingly contribute to, participate in, benefit from, or act in a willfully blind manner towards the commission of the offense, or related offense, that was the underlying basis of the forfeiture;
   d. the victim has not in fact been compensated for the wrongful loss of the property by the perpetrator or others; and
   e. the victim does not have recourse reasonably available to other assets from which to obtain compensation for the wrongful loss of the property.

The petition should be filed within thirty-five (35) days of the date of this letter.

## To Contest the Forfeiture

If you disagree with the USSS that the property is subject to forfeiture and want the case tried in U.S. District Court, you must file a Claim of Ownership using the attached "Seized Asset Claim Form" with the USSS by September 22, 2021.  **Please note:** if your sole intention is to request remission or mitigation of forfeited property (see above), and you are **not** seeking to challenge the forfeiture in court, you need only submit the enclosed "Petition for Remission or Mitigation" form; in that instance it is unnecessary to submit **both** the Petition for Remission or Mitigation" form **and** the "Seized Asset Claim" form.

The Claim of Ownership must:

1. Identify specific property claimed;
2. State the claimant's interest in the property;
3. Provide documentary evidence of the claimant's interest, if available;
4. State that the claim is not frivolous; and
5. Be signed and made under oath subject to penalty of perjury.

As stated above, the person alleging an interest in the property must swear to the Claim of Ownership under penalty of perjury. For your reference, the acceptable language required by statute is as follows:

I declare, (or certify, or verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed On                  <u>Sworn Date</u>
                                    <u>Party Signature</u>

Unsupported submissions signed by attorneys are insufficient to satisfy the requirement that claims be personally executed. A Seized Asset Claim form is enclosed for your convenience. Seized Asset Claim Forms must be submitted to the address indicated below.

## Release of Property to Avoid Substantial Hardship

If you choose to contest the forfeiture and file a Claim of Ownership using the Seized Asset Claim Form as set forth above, you may be entitled to immediate release of the seized property if:

1. You have a possessory interest in the property;
2. You have sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
3. You show that the continued possession by the Government pending the final disposition of forfeiture proceedings will cause you substantial hardship;
4. You show that your likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to you during the pendency of the proceedings;
5. The property is not contraband, evidence of a violation of a law, currency, or currency, or other monetary instrument, or electronic funds unless such other monetary instrument or electronic funds constitutes the assets of a business that has been seized;
6. The property is not, by reason of design or other characteristic, particularly suited for use in illegal activities;
7. The property is not likely to be used to commit additional criminal acts if returned to you.

A claimant seeking release of property must file a request for Possession of the Property with the Deputy Assistant Director of the USSS's Office of Investigations at the address indicated below. A request for Possession of the Property must set forth the basis on which the requirements listed above are met.

If not later than fifteen days after the USSS receives a request for Possession of the Property the property is not released, the claimant may file a petition for release of the property in the district court in which the seizure warrant was issued or in the district court for the district in which the property was seized.

Please ensure that any correspondence regarding this matter references the Seizure Number provided above.  All documents should be submitted to the following address via commercial carrier (e.g., FedEx, DHL, UPS).

Communications Center - AFB
245 Murray Lane, S.W.
Building #T-5
Washington, DC 20223


Attachments



<table>
<tr><td>FOR GOVERNMENT AGENCY USE ONLY</td></tr>
</table>

FOR GOVERNMENT AGENCY USE ONLY

DATE CLAIM RECEIVED:

_____

CLAIM TIMELY FILED?  Y ☐  N ☐

# SEIZED ASSET CLAIM FORM

NAME: _____     Seizure No.: _____

ADDRESS: _____     Case No.: _____

_____     City & State of Seizure: _____

TELEPHONE NO. ( ___ ) _____

## PART I

List the items in which you claim an interest.  Include sufficient information to identify the items, such as serial numbers, make and model numbers, tail numbers, photographs, and so forth.  Additional space is provided on the back of the form.  You may attach additional sheets of paper if more space is needed.

1. _____
2. _____
3. _____
4. _____
5. _____
6. _____

## PART II

State your interest in each item of property listed above.  Please provide any documents that support your claim of interest in these items.  Supporting documentation includes titles, registrations, bills of sale, receipts, etc.  Additional space is provided on the back of the form.  You may attach additional sheets of paper if more space is needed.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

08/18/2021

Asset List For Seizure Notice

Case Number    : 215-813-10619
Where Seized   : Columbus, OH
Seized From    : Robert D. Williams

| Asset ID | Asset Description | Asset Value |
|---|---|---|
| 215-2021-005-0001 | Wells Fargo Bank Account #1900308188 in the Name of Rebel T Music Incorporated | $32,654.02 |

Case Number    : 215-813-10619
Where Seized   : Newark, DE
Seized From    : Robert D. Williams

| Asset ID | Asset Description | Asset Value |
|---|---|---|
| 215-2021-004-0001 | Bank of America Account #898113896559 in the Name of Rebel T Music Incorporated | $101,756.04 |

| FOR GOVERNMENT USE ONLY | | |
| --- | --- | --- |
| **DATE PETITION RECEIVED**: | | |
| **PETITION TIMELY FILED**: | YES: ___ | NO: ___ |
| **PROPERTY STATUS**: | | |
| **FORFEITURE STATUS**: | | |

CASE NUMBER: _____    SEIZURE NUMBER: _____

# PETITION FOR REMISSION/MITIGATION

Petitioner: _____

Street Address: _____

City: _____    State: _____

Contact: _____    Telephone: _____

E-mail address: _____    Fax: _____

*Petitioner does not contest the forfeiture, but agrees with Secret Service that property seized in the referenced case is subject to forfeiture by the U.S. government. In filing this Petition, Petitioner submits to an administrative (i.e., non-judicial) process, whereby Secret Service has authority to consider and determine Petitioner's interest, if any, in the property seized. Where a valid interest is established, seized property and/or the value thereof may, depending upon the status of the property and/or forfeiture, be remitted or returned to Petitioner, less applicable costs and expenses. Where mitigation is recommended, monetary penalties may also be imposed.*

1.  **Please indicate your status in filing this Petition**: *(check appropriate box)*

    ☐    Petitioner is an **OWNER** or **LIENHOLDER**.

    With respect to a property interest in existence at the time the illegal conduct giving rise to forfeiture took place, an **OWNER** or **LIENHOLDER** must establish:

    a.    a legally cognizable property interest in seized property; *and*
    b.    no knowledge of the conduct giving rise to the forfeiture; *or,*
    c.    upon learning of conduct giving rise to forfeiture, Petitioner did all that reasonably could be expected under the circumstances to terminate such use of the property.

    ☐    Petitioner is a **BONAFIDE PURCHASER** or **SELLER FOR VALUE**.

    With respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, a **BONAFIDE PURCHASER** or **SELLER FOR VALUE** must establish:

    a.    a legally cognizable property interest in seized property;
    b.    at the time the property interest was acquired, the Petitioner was a **BONAFIDE PURCHASER** or **SELLER FOR VALUE**; *and*
    c.    the Petitioner did not know and was reasonably without cause to believe that the property was subject to forfeiture.

    ☐    Petitioner is a **VICTIM** of fraud.

    A Petitioner who cannot establish a proper interest in seized property may obtain remission or mitigation of the forfeiture as a **VICTIM**, if the Petitioner can establish:

    a.    It was a **VICTIM** of the offense giving rise to the forfeiture action;
    b.    Petitioner had no knowledge of, *or* was not willfully blind to, the violation(s) giving rise to the forfeiture action; *and*
    c.    Petitioner did all that reasonably could be expected under the circumstances to prevent the activity giving rise to the forfeiture *or* the illegal use of the property.

*PART I (continued)*

7. _____

8. _____

9. _____

10. _____

11. _____

12. _____

*PART II (continued)*

_____

_____

_____

_____

_____

_____

_____

*PART III*

*ATTESTATION AND OATH*

I attest and declare under penalty of perjury that my claim to this property is not frivolous and that the information provided in support of my claim is true and correct, to the best of my knowledge and belief.

_____        _____
Name (Print)                           Date


_____
Signature

*A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. §§ 1001 AND/OR 1621 AND IS PUNISHABLE BY A FINE AND UP TO FIVE YEARS IMPRISONMENT.*

2. *Petitioner must identify property in which an interest is claimed, in whole or in part, by the relevant asset number(s) and/or property description*: *(Please refer to the original letter of notice for a complete listing of property seized in this case, any asset identification number and/or property description).*

☐ Please check this box, if you claim an interest in *all* assets in this Seizure. Otherwise, indicate the specific asset(s) of interest below. Use additional pages, as necessary.

ASSET NUMBER: _____
PROPERTY DESCRIPTION: _____

ASSET NUMBER: _____
PROPERTY DESCRIPTION: _____

3. *Petitioner must specify its particular interest in the asset(s) seized and/or indicate its loss in the referenced case*:

_____

4. *Please detail the facts and circumstances surrounding your loss, and attach documentation* (i.e., Affidavits; Certificates of Title, financing statements; loan documents; credit applications; contracts; bill of sale; invoices; mortgages; purchase orders; transaction records; checks; receipts; credit card statements; liens; correspondence; account information; etc.), *which: (a) supports your interest in seized property; (b) shows proof of your status as an owner/lienholder, or bonafide purchaser/seller, or victim; (c) provides sufficient evidence of, and a connection between, your loss and the fraud committed; (d) or, otherwise supports remission or mitigation of asset(s).* *(Attach additional pages, if necessary).*

_____
_____
_____
_____
_____
_____

☐ Please check this box, if supporting documentation is attached to this Petition.

ON THIS ___ DAY OF _____, 20__, I DECLARE, UNDER PENALTY OF PERJURY, THAT I HAVE PERSONAL KNOWLEDGE OF THE MATTERS REFERRED TO IN THIS PETITION FOR REMISSION OR MITIGATION, AND BASED UPON MY KNOWLEDGE AND BELIEF, THE FOREGOING IS TRUE AND CORRECT.

_____ *(company name, if applicable)*

By: _____ *(signature)*
_____ *(printed name)* pet_form3A

2



**SEIZED ASSET CLAIM FORM**

| FOR GOVERNMENT AGENCY USE ONLY |
| DATE CLAIM RECEIVED: |
| |
| CLAIM TIMELY FILED? Y ☐ N ☐ |

NAME: Robert D. Williams
ADDRESS: 9910 SW 12 A
    Pembroke Pines, FL 33025
TELEPHONE NO. 754 366-9892

Seizure No(s) 215-2021-004, 215-2021-005
Case No.: 215-813-10619
City & State of Seizure(s) Newark DE
    Columbus, OH

## PART I

List the items in which you claim an interest. Include sufficient information to identify the items, such as serial numbers, make and model numbers, tail numbers, photographs, and so forth. Additional space is provided on the back of the form. You may attach additional sheets of paper if more space is needed.

1. $32,654.02 in Wells Fargo Bank Account # 190030 8188 in Name
2. of Rebel T. Music Incorporated
3. $101,756.04 in Bank of America Account# 898113896559
4. In the Name of Rebel T. Music Incorporated
5.
6.

## PART II

State your interest in each item of property listed above. Please provide any documents that support your claim of interest in these items. Supporting documentation includes titles, registrations, bills of sale, receipts, etc. Additional space is provided on the back of the form. You may attach additional sheets of paper if more space is needed.

I am the president + owner of Rebel T. Music Inc. which owns both bank accounts which were seized.

All of the sized funds are lawfully derived and intended for lawful use.

Robert D. Williams/ Rebel 1 Music Inc.
Seited Asset Claim Form page 2
Case # 215-813-10619

**PART I** *(continued)*

7. _____
8. _____
9. _____
10. _____
11. _____
12. _____

**PART II** *(continued)*

_____
_____
_____
_____
_____
_____
_____

---

**PART III**

*ATTESTATION AND OATH*

I attest and declare under penalty of perjury that my claim to this property is not frivolous and that the information provided in support of my claim is true and correct, to the best of my knowledge and belief.

ROBERT WILLIAMS
Name (Print)

9/20/21
Date

B. ____
Signature

*A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. §§ 1001 AND/OR 1621 AND IS PUNISHABLE BY A FINE AND UP TO FIVE YEARS IMPRISONMENT.*

Exhibit C

MUR 1

**FedEx Express**

*Package*
**US Airbill**

FedEx Tracking Number: **8117 5840 7282**

Form ID No. **0215**

**Sender's Copy**

**1 From** *Please print and press hard.*

Date **9/2/21**

Sender's FedEx Account Number   SENDER'S FEDEX ACCOUNT NUMBER ONLY   **0331-2241-1**

Sender's Name **Robert Amsel**   Phone ( **305** ) **858-9550**

Company **ROBBINS TUNKEY ROSS AMSEL ETAL**

Address **2250 SW 3RD AVE FL 4**

Dept./Floor/Suite/Room

City **MIAMI**   State **FL**   ZIP **33129-2066**

**2 Your Internal Billing Reference**
First 24 characters will appear on invoice.   OPTIONAL

**3 To**

Recipient's Name **Communications Center - AFB**   Phone ( )

Company **US Dept. of Homeland Security**

Address
We cannot deliver to P.O. boxes or P.O. ZIP codes.   Dept./Floor/Suite/Room

Address **245 Murray Lane, S-W**
Use this line for the HOLD location address or for continuation of your shipping address.

**Bld 75**

City **Washington**   State **DC**   ZIP **20223**

0127141677

☐ **Hold Weekday**
FedEx location address REQUIRED. NOT available for FedEx First Overnight.

☐ **Hold Saturday**
FedEx location address REQUIRED. Available ONLY for FedEx Priority Overnight and FedEx 2Day to select locations.

**Ship it. Track it. Pay for it. All online.**
Go to fedex.com.

**4 Express Package Service**   * To most locations.

Packages up to 150 lbs.
For packages over 150 lbs., use the FedEx Express Freight US Airbill.

**Next Business Day**

☐ **FedEx First Overnight**
Earliest next business morning delivery to select locations. Friday shipments will be delivered on Monday unless Saturday Delivery is selected.

☑ **FedEx Priority Overnight**
Next business morning.* Friday shipments will be delivered on Monday unless Saturday Delivery is selected.

☐ **FedEx Standard Overnight**
Next business afternoon.*
Saturday Delivery NOT available.

**2 or 3 Business Days**

☐ **FedEx 2Day A.M.**
Second business morning.*
Saturday Delivery NOT available.

☐ **FedEx 2Day**
Second business afternoon.* Thursday shipments will be delivered on Monday unless Saturday Delivery is selected.

☐ **FedEx Express Saver**
Third business day.*
Saturday Delivery NOT available.

**5 Packaging**   * Declared value limit $500.

☐ FedEx Envelope*   ☐ FedEx Pak*   ☐ FedEx Box   ☐ FedEx Tube   ☐ Other

**6 Special Handling and Delivery Signature Options**   Fees may apply. See the FedEx Service Guide.

☐ **Saturday Delivery**
NOT available for FedEx Standard Overnight, FedEx 2Day A.M., or FedEx Express Saver.

☐ **No Signature Required**
Package may be left without obtaining a signature for delivery.

☐ **Direct Signature**
Someone at recipient's address may sign for delivery.

☐ **Indirect Signature**
If no one is available at recipient's address, someone at a neighboring address may sign for delivery. For residential deliveries only.

**Does this shipment contain dangerous goods?**
One box must be checked.

☐ No   ☐ Yes As per attached Shipper's Declaration.   ☐ Yes Shipper's Declaration not required.   ☐ Dry Ice Dry Ice, 9, UN 1845 ___ x ___ kg

Restrictions apply for dangerous goods — see the current FedEx Service Guide.   ☐ Cargo Aircraft Only

**7 Payment**   *Bill to:*

Enter FedEx Acct. No. or Credit Card No. below.

☑ **Sender**
Acct. No. in Section 1 will be billed.   ☐ Recipient   ☐ Third Party   ☐ Credit Card   ☐ Cash/Check

FedEx Acct. No.
Credit Card No.   Exp. Date

Total Packages   Total Weight   Total Declared Value†

___ lbs.   $ ___ .00

**611**

†Our liability is limited to US$100 unless you declare a higher value. See back for details. By using this airbill you agree to the service conditions on the back of this airbill and in the current FedEx Service Guide, including terms that limit our liability.

Rev. Date 5/15 • Part #163134 • ©1994–2015 FedEx • PRINTED IN U.S.A. SRM

PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE. NO POUCH NEEDED.

# Terms and Conditions Summary

For the current FedEx Service Guide, which contains the complete Terms and Conditions, go to **fedex.com**.

**Definitions** On this Airbill, "we," "our," "us," and "FedEx" refer to Federal Express Corporation, its employees, and agents. "You" and "your" refer to the sender, its employees, and agents.

**Agreement To Terms** By giving us your package to deliver, you agree to all the terms on this Airbill and in the current FedEx Service Guide, which is available at **fedex.com** or at a FedEx location. You also agree to those terms on behalf of any third party with an interest in the package. If there is a conflict between the current FedEx Service Guide and this Airbill, the current FedEx Service Guide will control. No one is authorized to change the terms of our Agreement.

**Responsibility For Packaging And Completing Airbill** You are responsible for adequately packaging your goods and properly filling out this Airbill. If you omit the number of packages and/or weight per package, our billing will be based on our best estimate of the number of packages we received and/or an estimated "default" weight per package as determined by us.

**Responsibility For Payment** Even if you give us different payment instructions, you will always be primarily responsible for all delivery costs, as well as any cost we incur in either returning your package to you or warehousing it pending disposition.

**Limitations On Our Liability And Liabilities Not Assumed**

- Unless a higher value is declared and paid for, our liability for each package is limited to US$100. You may pay an additional charge for each additional US$100 of declared value. The declared value does not constitute, nor do we provide, cargo liability insurance.

- In any event, we will not be liable for any damage, whether direct, incidental, special, or consequential, in excess of the declared value of a shipment, whether or not FedEx had knowledge that such damages might be incurred, including but not limited to loss of income or profits.

- We won't be liable:
  - for your acts or omissions, including but not limited to improper or insufficient packing, securing, marking, or addressing, or those of the recipient or anyone else with an interest in the package.
  - if you or the recipient violates any of the terms of our Agreement.
  - for loss of or damage to shipments of prohibited items.
  - for loss, damage, or delay caused by events we cannot control, including but not limited to acts of God, perils of the air, weather conditions, acts of public enemies, war, strikes, civil commotions, or acts of public authorities with actual or apparent authority.

**Declared Value Limits**

- The maximum declared value allowed for a FedEx Envelope or FedEx Pak shipment is US$500.

- For other shipments, the maximum declared value allowed is US$5,000.00 per package, unless your package contains items of extraordinary value, in which case the maximum declared value allowed is US$1,000 per package.

- Items of extraordinary value include shipments containing such items as artwork, jewelry, furs, precious metals, negotiable instruments, and other items listed in the current FedEx Service Guide.

- You may send more than one package on this Airbill and fill in the total declared value for all packages, not to exceed the US$500, US$1,000, or US$50,000 per package limit described above. (Example: 5 packages can have a total declared value of up to US$250,000.) In that case, our liability is limited to the actual value of the package(s) lost or damaged, but may not exceed the maximum allowable declared value(s) or the total declared value, whichever is less. You are responsible for proving the actual loss or damage.

**Filing A Claim** YOU MUST MAKE ALL CLAIMS IN WRITING or online at **fedex.com** and notify us of your claim within the time limits set out in the current FedEx Service Guide.

You may call our Customer Service department at 1.800.GoFedEx 1.800.463.3339 to report a claim; however, you must still file a timely written claim. We aren't obligated to act on any claim until you have paid all transportation charges, and you may not deduct the amount of your claim from those charges.

If the recipient accepts the package without noting any damage on the delivery record, we will assume the package was delivered in good condition. For us to process your claim, you must make the original shipping cartons and packing available for inspection.

**Right To Inspect** We may, at our option, open and inspect your packages before or after you give them to us to deliver.

**Right Of Rejection** We reserve the right to reject a shipment when such shipment would be likely to cause delay or damage to other shipments, equipment, or personnel; or if the shipment is prohibited by law, or if the shipment would violate any terms of our Airbill or the current FedEx Service Guide.

**C.O.D. Services** C.O.D. SERVICE IS NOT AVAILABLE WITH THIS AIRBILL. If C.O.D. Service is required, please use a FedEx C.O.D. Airbill.

**Air Transportation Tax Included** A federal excise tax when required by the Internal Revenue Code on the air transportation portion of this service, if any, is paid by us.

**Money-Back Guarantee** In the event of untimely delivery, FedEx will, at your request and with some limitations, refund or credit all transportation charges. See the current FedEx Service Guide for more information.

Part 158134 • Rev. Date 5/05

Exhibit D

**FedEx.**

September 29, 2021

Dear Customer,

The following is the proof-of-delivery for tracking number: 811758407282

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Shipping/Receiving |
| Signed for by: | R.ON GILL | Delivery Location: | |
| Service type: | FedEx Priority Overnight | | |
| Special Handling: | Deliver Weekday | | DC, |
| | | Delivery date: | Sep 23, 2021 10:07 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 811758407282 | Ship Date: | Sep 21, 2021 |
| | | Weight: | |

| Recipient: | Shipper: |
|---|---|
| DC, US, | MIAMI, FL, US, |

Signature image is available. In order to view image and detailed information, the shipper or payor account number of the shipment must be provided.

Thank you for choosing FedEx



U.S. Department of Homeland Security
## UNITED STATES SECRET SERVICE

September 27, 2021

245 Murray Lane, S.W.
Washington, DC 20223

Robert D. Williams
Attn: Robert G. Amsel
Ross Amsel Raben Nascimento
2250 Southwest 3rd Avenue
4th Floor
Miami, FL 33129

RE:   Claim Receipt

| | |
|---|---|
| Judicial District | : District of Delaware |
| Agency Case Number | : 215-813-10619 |
| Seizure Numbers | : 215-2021-004, 215-2021-005 |
| Asset Identification | : See Attached List |

Dear Mr. Amsel:

This letter acknowledges that the Claim you filed, on behalf of your client
Robert D. Williams was received on September 24, 2021, by the United States Secret Service,
CID/AFB.

Please be advised that after review by the United States Secret Service, your Claim is being
denied due to the fact that it was untimely filed. According to the notice letter you received, dated
August 18, 2021, the Claim should have been received by the United States Secret Service on or
before September 22, 2021.

Please ensure that any correspondence regarding this matter references the Seizure Numbers
provided above. All documents should be submitted to the following address via FedEx, DHL,
UPS, Airborne, etc.:

Communications Center - AFB
245 Murray Lane, S.W.
Building #T-5
Washington, DC 20223

Sincerely,

Jason D. Kane
Special Agent in Charge
Criminal Investigative Division

September 27, 2021

Asset List for Claim

Agency Case Number : 215-813-10619
Seizure Numbers : 215-2021-004, 215-2021-005

| Asset ID | Asset Description | Asset Value |
|----------|-------------------|-------------|
| 215-2021-004-0001 | Bank of America Account #898113896559 in the Name of Rebel T Music Incorporated | $101,756.04 |
| 215-2021-005-0001 | Wells Fargo Bank Account #1900308188 in the Name of Rebel T Music Incorporated | $32,654.02 |



# ROSS AMSEL RABEN
## NASCIMENTO

ALAN S. ROSS
ROBERT G. AMSEL
DAVID RABEN
JOSEPH E. NASCIMENTO

WWW.CRIMLAWFIRM.COM

2250 S.W. 3RD AVE. | 4TH FLOOR
MIAMI, FLORIDA 33129
PHONE: 305-858-9550
FAX: 305-858-7491

September 30, 2021

Att: Jason D. Kane
Special Agent in Charge
Criminal Investigation Division
245 Murray Lane, S.W.
Washington, DC 20223

Re: Claim Receipt

Judicial District:          District of Delaware
Agency Case Number:         215-813-10619
Seizure Numbers:            215-2021-004, 215-2021-005
Asset Identification:       See Attached List

Dear Mr. Kane:

I am responding to your letter dated September 27, 2021, denying my client's claim as untimely.

In response, I enclose a FedEx air bill showing that the claim was sent "FedEx Priority Overnight" on September 21, 2021, which assured that the claim would be delivered on "the next business morning", i.e., the morning of September 22, 2021, the deadline for receipt in your Notice of Seizure letter. Also enclosed is a proof of delivery letter from FedEx confirming that the claim was in fact picked up by FedEx on September 21, 2021, that it was designated "FedEx Priority Overnight" for delivery on the next business day morning, September 22, 2021, but inexplicably it was not delivered to your agency until September 23, 2021 at 10:07 am. (contrary to your denial letter which claims your agency received it on September 24, 2021) I and Mr. Williams, the claimant, relied on FedEx's guarantee that it would timely deliver the claim on the morning of September 22, 2021. Consequently, it is unfair to deny Mr. Williams claim where he did exactly as instructed in the Notice of Seizure letter by timely sending his claim "Via commercial

September 30, 2021
Jason D. Kane
Page 2

carrier" for guaranteed delivery on September 22, 2021. Mr. Williams acted in good faith. Clearly this is the fault of FedEx, not Mr. Williams.

It has been recognized that there is a "strong preference for resolving disputes on the merits, when possible, instead of determining the outcome solely on technical or procedural grounds." *Beck v. United States*, No. WMN-10-2765, 2011 WL 862952 (D. Maryland March 10, 2011). Indeed, the government is quite often relieved of its time obligations set forth in 18 USC § 983 where it acts in "good faith in complying with both the spirit and letter of the law" and where "there is no attempt to frustrate the purpose of the statutory provisions involved." *United States v. $34,929*, No. 2:09-cv-734, 2010 WL 481250 (S.D. Ohio Feb. 5, 2010). As Mr. Williams acted in good faith and the claim was inexplicably delivered by FedEx one day late through no fault of Mr. Williams, he respectfully requests that you reconsider your denial of his claim and forward it to United States District Court.

Alternatively, Mr. Williams would point out that your Notice of Seizure letter to him was untimely and consequently, the funds must be returned to him. Pursuant to 18 USC § 983 (a)(1)(A)(i), notice to Mr. Williams should have been sent "no later than 60 days after the date of the seizure." The face of your Notice of Seizure letter says that the funds in question were seized on 5/12/2021 in Newark, DE and on 5/13/2021 in Columbus, Ohio. Yet the date of the notice letter is 8/18/2021 which is well beyond the 60 statutory requirements for sending notice to Mr. Williams. Consequently, pursuant to 18 USC § 983 (a)(1)(F), Mr. Williams is entitled to return of all funds.

Sincerely,

Robert G. Amsel

RGA/dr
Encl:

Exhibit G



U.S. Department of Homeland Security
## UNITED STATES SECRET SERVICE
October 7, 2021

245 Murray Lane, S.W.
Washington, D.C. 20223

Robert D. Williams
Attn: Robert G. Amsel
Ross, Amsel, Raben, Nascimento
2250 Southwest 3rd Avenue
4th Floor
Miami, FL 33129

Re: Claim Receipt

| | |
|---|---|
| Judicial District | : District of Delaware |
| Agency Case Number | : 215-813-10619 |
| Seizure Numbers | : 215-2021-004, 215-2021-005 |
| Asset Identification | : See Attached List |

Dear Mr. Amsel:

Reference is made to your letter dated September 30, 2021 in which you responded to this agency's letter dated September 27, 2021, denying your client's Claim as untimely. In your letter, you appear to request that the United States Secret Service (USSS) toll the 35-day deadline to file a claim for seized assets established pursuant to 18 U.S.C. § 983(a)(2)(B). The basis for your request is that you sent the Claim by FedEx Priority Overnight on September 21, 2021, the day before the 35-day deadline on September 22, 2021. The Claim was not received by the USSS Communications Center until September 23, 2021, and was not received in the Asset Forfeiture Branch until September 24, 2021.

Generally, a party seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). FedEx's delivery delay does not constitute the kind of extraordinary circumstance that has been found to justify equitable tolling. *See Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017) (upholding an agency's denial of a claim that was sent by FedEx for overnight delivery the day before the claim deadline and was received by the agency one day after the deadline).

In your letter, you also requested return of your client's property pursuant to 18 U.S.C. § 983(a)(1)(f) because your client did not receive notice of the seizures until August 19, 2021, more than 60 days after the May 12, 2021 and May 13, 2021 seizures. The USSS, however, sent notice to your client at multiple addresses on July 8, 2021. Notice was delivered to 4839 Volunteer Rd., Davie, FL 33330 on July 9, 2021, and then returned to the USSS on July 22, 2021 us unclaimed. Notice was also sent to 9910 Southwest 12th St., Pembroke Pines, FL 33169 on July 8, 2021, and returned as undeliverable. Subsequent attempts to send notice to these addresses on August 18, 2021, were successful. Accordingly, the USSS complied with 18 U.S.C. § 983(a)(1)(A) by sending notice to your client by certified mail at two separate addresses within 60 days of the seizures.

For the reasons stated above, your Claim remains denied due to the fact that it was untimely filed. Please ensure that any correspondence regarding this matter references the seizure numbers provided above and is forwarded to the U.S. Secret Service, Communications Center—AFB, 245 Murray Lane, S.W., Building T-5, Washington, D.C. 20223.

Sincerely,

Jason D. Kane
Special Agent in Charge
Criminal Investigative Division

October 7, 2021

Asset List for Claim

Agency Case Number     : 215-813-10619
Seizure Numbers        : 215-2021-004, 215-2021-005

| Asset ID | Asset Description | Asset Value |
|---|---|---|
| 215-2021-004-0001 | Bank of America Account #898113896559 in the Name of Rebel T Music Incorporated | $101,756.04 |
| 215-2021-005-0001 | Wells Fargo Bank Account #1900308188 in the Name of Rebel T Music Incorporated | $32,654.02 |



ALAN S. ROSS
ROBERT G. AMSEL
DAVID RABEN
JOSEPH E. NASCIMENTO

WWW.CRIMLAWFIRM.COM

2250 S.W. 3ʳᴰ AVE. | 4ᵀᴴ FLOOR
MIAMI, FLORIDA 33129
PHONE: 305-858-9550
FAX: 305-858-7491

October 20, 2021

Attn: Agent Jason D. Kane
Special Agent in Charge
Criminal Investigation Division
245 Murray Lane, S.W.
Washington, DC 20223

Re: Claim Receipt

| | |
|---|---|
| Judicial District: | District of Delaware |
| Agency Case Number: | 215-812-10619 |
| Seizure Numbers: | 215-2021-004, 215-2021-005 |
| Asset Identification: | See attached list |

Dear Agent Kane:

I am responding to your most recent letter of October 7, 2021. As an initial matter, I would request that you advise on what date your Notice of Seizure letter was actually placed in the mail, as the 35-day time limit in 18 USC § 983(a)(2)(B) begins to run from the day it is placed in the mail. *See Conkey v. United States*, 545 F. Supp.2d 1013 (N.D. California 2008). If it was mailed on or after August 19, 2021, then the claim was unquestionably timely received by your agency.

Assuming your letter was in fact mailed on August 18, 2021, for the reasons set forth in this letter, I am respectfully requesting that your agency exercise its discretion in tolling the 35-day deadline set forth in 18 USC § 983(a)(2)(B) for one day and transfer this case to District Court to afford my client due process of law before the government takes and keeps his $134,410.06. It has been recognized that

October 20, 2021
Jason D. Kane

your office has the power to exercise discretion in tolling this deadline, especially in circumstances like those in the instant case. *See Coley v. United States*, 180 Fed.Appx. 90 (11th Cir. 2006); *United States v. Eubanks*, 169 F.3d 672 (11th Cir. 1999); *United States v. Griffin*, No. 2:99CR52-MHT, 2007 WL 17721 (M.D. Ala. Jan. 23, 2007).

Your reliance upon *Okafar v. United States*, 846 F.3d 337 (9th Cir. 2017) is misplaced because the facts and circumstances in the instant case are distinguishable from those in *Okafar*. Unlike in Okafar, the Notice of Seizure letter you sent to Mr. Williams does not define the word "file" when it directs that he "file" it with the USSS by September 22, 2021. In Okafar, the claimant and his attorney were warned in the Notice of Seizure letter, in capital letters, that: "A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHEROF THE ADDRESSES NOTED ABOVE." See Notice of Seizure letter mailed in *Okafar* attached as Exhibit 1. Indeed, in denying Okafar's claim as untimely, the DEA stressed the fact that the Notice of Seizure letter specifically warned that the claim would be deemed "filed" when the agency "**actually** received" it. *See* letter from DEA attached as Ex. 2, p.2 [emphasis in original]. No such language is contained anywhere in the Notice of Seizure letter sent to Mr. Williams. Seeing no such warning, undersigned counsel was under the misimpression that the "mailbox rule" applied to filing the claim. While the prevailing authority is that the "mailbox rule" does not apply to mailing claims, the question of whether it does has been raised and discussed in several cases. *See e.g. United States v. Funds From Fifth Third Bank*, No. 13-11728, 2013 WL 5914101 (E.D. Mich. Nov. 4, 2013); *United States v. $65,930*, No. 3:03CV01625(RNC), 2006 WL 923704 (D. Connecticut March 28, 2006) Fortunately, the claim was delivered in a way that assured that it was postmarked on or before September 22 and received by that date.

Every reported case reviewed by undersigned raising issues like the ones in this case involved Notice of Seizure letters which contained warnings that filing a claim by the due date means that it must be received by that date. *See e.g. United States v. $183,026.00*, No.2:13-cv-344-TLS-JEM, 2014 WL 3734172 (N.D. Indiana July 29, 2014); *United States v. $67,486.00*, No. 16-cv-01129-WYD, 2017 WL 3584865 (D. Colorado June 6, 2017); *Sandoval v. United States*, No. 00-CIV-1259-AGS, 2001 WL 300729 (S.D. New York March 28, 2001); *United States v. $14,610.00*, No. 1:14-cv-01637-JMS-TAB, 2016 WL 772745 (S.D. Indiana

October 20, 2021
Jason D. Kane

February 29, 2016); *United States v. $229,850.00*, 50 F.Supp.3d 1171 (D. Arizona 2014); *United States v. Okafor*, supra. Your agency's failure to communicate this warning is a trap for the unwary.

The court in *Okafor, supra*. held that an attorney's filing by mail shortly before a deadline expires constitutes "routine negligence" which does not rise to the level of an "extraordinary circumstance" justifying equitable tolling. However, in the instant case we have the additional circumstances that: (1) your notice of seizure letter failed to warn that "filing" a claim means actual receipt of it on or before the due date and, (2) my misimpression that the "mailbox rule" applied. The combination of these facts constitutes "extraordinary circumstances" warranting equitable tolling by one day and distinguishes this case from *Okafar*.

Indeed, case law is replete with "mistakes" by the government causing it to miss CAFRA deadlines, to which the court applied equitable tolling to assure that the government would not have to return the seized funds. For example, in *United States v. $39,480*, 190 F.Supp.2d 929 (W.D. Texas 2002), an employee of the seizing agency placed an incorrect date stamp on a claim that was forwarded to the U.S. Attorney's office, causing the Complaint to be filed one day late, on the 91st day after receipt of the claim, in violation of 18 USC § 983 (a)(3)(A). The government had no explanation for why one of its own employees would make such a mistake. In excusing this error and equitably tolling the 90-day rule by one day, the court stated:

> Here, strict construction of the statute would result in dismissal of the case, the return of the property to Bullock, and the inability of the government to bring future civil forfeiture actions against the respondent property. Upon considering the relevant circumstances of the government's one day delay in filing its Complaint, the court hesitates to construe the statute strictly.
>
> First, the government has acted diligently and with good faith in prosecuting the instant case. If the July 27 date-stamp on the copy in the possession of the United States Attorney had been correct, the government would have been in full compliance with the ninety-day limitations period. Instead, the government's good faith reliance on the July 27 date stamp caused it to miss the filing deadline by one day.

3

October 20, 2021
Jason D. Kane

The government made every effort to comply with both the spirit and letter of the law and was clearly not attempting to frustrate the purpose of the statutory deadline by holding the Respondent Property for an extended period without commencing forfeiture proceedings.

Furthermore, the one-day delay does not prejudice Bullock in any meaningful way. She does not assert that she is under any specific hardship because of the seizure of the money, and an additional day is so inconsequential that it could not significantly exacerbate any difficulty. Likewise, the additional day does not compromise the merits of Bullock's claim in any respect. She will still have her day in court and is not prejudiced solely because the Government's claim may turn out to be meritorious.

In contrast to the lack of prejudice to Bullock, dismissal of the Government's complaint would have a draconian effect on the Government's case. Granting the Motion to Dismiss would force the Government to release the Respondent Property and bar it from any further action to effect civil forfeiture of that property. This harsh result seems inequitable in light of the Government's good faith attempt to comply with section 983 and the minimal delay caused by its unintentional non-compliance.

Finally, the Court combines its consideration of the above factors with its strong preference for resolving disputes on the merits, when possible, instead of determining the outcome solely on technical or procedural grounds.

*Id.* at 932-933.

The court's reasoning in *$39,480, supra.* is equally, if not more applicable to the instant case. In the instant case, a third-party commercial carrier, recommended by your agency in the Notice of Seizure letter, was at fault by not complying with its guarantee to deliver the claim the next day. In *$39,480, supra.* the error was made by an employee of the seizing agency itself. Moreover, misdating a document by the seizing agency is nothing more than "routine negligence," yet the court equitably tolled the 90-day deadline by one day in *$39,480, supra* to avoid the "draconian effect" and "harsh result" of permanently releasing the seized funds back to the

4

October 20, 2021
Jason D. Kane

claimant. Why then should Mr. Williams suffer the draconian and harsh result of permanently losing his funds due to his counsel's "routine negligence" in waiting to mail the claim shortly before the deadline?

Moreover, undersigned counsel's mailing the claim shortly before the filing deadline is virtually identical to the government waiting until what it thought was the 90th day to file its complaint in *$39,480, supra.* Had the government not waited to the last day to file, there would have been no issue to litigate. Yet the court in *$39,480, supra* did not find the government's late filing "routine negligence" unworthy of tolling the time period. [1] Simply put, "what's good for the goose, is good for the gander."

Finally, just as there was no prejudice to the Claimant in *$39,480, supra* by a one-day tolling, there is no prejudice whatsoever to the government here by exercising your discretion to allow a one-day tolling.

Undersigned counsel's misimpression that the "mailbox rule" applied here, due in part to your agency failing to define "file" as actual receipt, is no different than the government's misapprehension of the law or other mistakes it has made in numerous cases where courts excused such errors and equitably tolled a CAFRA deadline. *See e.g. United States v. $34,929.00*, No.2:09-cv-734, 2010 WL 481250 (S.D. Ohio February 5, 2010) (government's error that claim was not signed under penalty was excused and equitable tolling applied); *United States v. $114,143.00*, 609 F.Supp.2d 1321 (S.D. Fla. 2009) (government's improper rejection of claim excused and equitable tolling applied); *Longenette v. Krusing*, 322 F.3d 758, 768 (3d Cir.2003) (tolling statute of limitations under 19 U.S.C. § 1621 to allow Government to file a judicial forfeiture action where Government acted in good faith in rejecting, as untimely, a claim filed in administrative forfeiture proceedings); *United States v. $9,630 in U.S. Currency*, 2006 WL 3813590 (D.Utah Dec. 21, 2006) (finding that ninety-day period began to run once claimant filed second claim where Government rejected initial claim in good faith, even if initial claim contained all the requisite elements of a valid claim); *Hammoud v. Woodard*, 2006 WL 381642 (E.D.Mich. Feb. 17, 2006) (finding Government's

---

[1] In fact, the government is routinely excused for waiting until the 90th day to file its Complaint resulting in litigation over tolling. *See e.g. United States v. Yukon Denali*, No. cv-6890-LGB, 2003 WL 27177023 (C.D. California December 4, 2003); *United States v. $229,850, supra.*

5

October 20, 2021
Jason D. Kane

mistaken belief that it had authority to reject claim for lack of standing was "good cause" to extend the ninety-day period to file forfeiture complaint and rejecting claimant's request to release the seized funds). The same standard and reasoning should apply to the instant case where despite a reasonable misunderstanding by undersigned counsel, claimant proceeded in good faith.

Lastly, Mr. Williams continues to maintain that he was not provided notice within 60 days of your seizure of his funds as required by 18 USC § 983 (a)(1)(A). That section requires you "to send written notice to interested parties… in a manner to achieve proper notice **as soon as practicable**, and in no case more than 60 days after the date of the seizure." [emphasis added]. The funds were seized on May 12 & 13, 2021. You did not attempt to send notice to Mr. Williams "as soon as practicable." Instead, you waited 57 days before first sending him certified letters, one of which was returned as unclaimed and the other as undeliverable. Moreover, you waited another 39 days after the return of these letters to try again. If notice sent by certified mail is returned unclaimed, the government must take "additional reasonable steps" if practicable to provide a property owner with notice. *Jones v. Flowers,* 547 U.S. 220 ,235 (2006) (addressing due process requirements of notice to the owner of real property before a tax sale). Such additional steps may include, for example, re-sending a notice by regular mail or posting notice on a front door. *Flowers,* 547 U.S. at 234–35, *see also Flowers,* 547 U.S. at 230 ("[W]hen a letter is returned by the post office, the sender will ordinarily attempt to resend it, if it is practicable to do so.") (Citing *Small v. United States,* 136 F.3d 1334, 1337 (D.C.Cir.1998)). If practicable, additional steps are required even if at the time of mailing the certified mail was reasonably calculated to provide actual notice. *Flowers,* 547 U.S. at 238.

Had your agency not waited 57 days before even attempting to notify Mr. Williams, you could have taken additional steps to make sure he would be notified of the seizure in a timely manner as required by statute. It is indeed ironic that it appears to be OK for your agency to send notice shortly before a statutory deadline without penalty, but you insist on taking Mr. Williams' money for doing virtually the same thing.

As a general rule, forfeitures are not favored by the law. *United States v. $39,480.00, supra.* at 931-32. Indeed, CAFRA was enacted, in part, as a reaction to the public's perception that there was unfairness and inequity in the way the law favored the government, as opposed to claimants, when it seeks to take and keep

6

October 20, 2021
Jason D. Kane

people's property. *See generally United States v. $229, 850.00, supra.* at 1177. Accordingly, "there is a strong preference for resolving disputes on the merits, when possible, instead of determining the outcome solely on technical or procedural grounds." *Id.* at 1184. It has been made very clear that "the purpose of the equitable tolling doctrine is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court. Equitable tolling also serves to prevent the unjust technical forfeiture of causes of action." *Harris v. Carter,* 515 F.3d 1051, 1055 (9th Cir. 2008)

As noted, you have the power to exercise your discretion to equitably toll the time limit by **one** day to avoid the "draconian" and "harsh" result of permanently depriving Mr. Williams of his funds without a scintilla of due process. You are not prejudiced in any way by this short delay. Based on the totality of the circumstances in this case as set forth above, equitable tolling is the fair, balanced and just result. Like all Americans, Mr. Williams deserves his day in court. I respectfully request that you give him that.

Sincerely,

Robert G. Amsel

RGA/dr
Encl:



**U.S. Department of Justice**

Drug Enforcement Administration

| | |
|---|---|
| Asset Id: | 13-DEA-580984 |
| Case Number: | R3-13-0116 |
| Property: | $99,500.00 U.S. Currency |
| Asset Value: | $99,500.00 |
| Seizure Date: | 04/04/2013 |
| Seizure Place: | San Francisco, CA |
| Owner Name: | Okafor, Chike |
| Seized From: | Charles, Chike Okafor aka O Chike |
| Judicial District: | Northern District of California |

Chike Okafor aka O Chike Charles
616 Mohawk Circle
Stockbridge, GA 30281

NOTICE MAILING DATE: May 1, 2013

### NOTICE OF SEIZURE

The above-described property was seized by the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. You should review the following procedures very carefully.

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (pardon) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The procedures governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by June 5, 2013. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to

hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, VA 22152. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).

2013 JUN -6 PM 3: 05

ASSET FORFEITURE SECTION
RECEIVED



**U. S. Department   ,Justice**
Drug Enforcement Administration
Washington, D.C.

JUL 2 4 2013

**CERTIFIED MAIL/RETURN RECEIPT**

David M. Michael
Attorney at Law
One Sansome Street, Suite 3500
San Francisco, CA 94104

RE:  DEA Case No.:    R3-13-0116
      Asset I.D.:      13-DEA-580984
      Property:       $99,500.00 U.S. Currency
      Client:        Chike Okafor a/k/a O Chike Charles

Dear Mr. Michael:

The Drug Enforcement Administration (DEA) received your correspondence dated July 13, 2013, regarding the above-referenced seizure. You take issue with DEA's initial determination that your client's claim received by DEA on June 6, 2013, is untimely. For the reasons set forth below, the finding of untimeliness is affirmed.

The last day for you client to file a claim to contest the seizure of the referenced currency was June 5, 2013, as indicated in the Notice of Seizure letter dated May 1, 2013, sent to your client by certified mail. This letter was received on May 4, 2013, as evidence by the signed postal receipt.

The responsibility for ensuring that a claim is timely delivered rests on the claimant as a document is not considered filed until "it is delivered to the proper official and by him received and filed." United States v. Lombardo, 241 U.S. 73, 76 (1916). A claim is not deemed filed until received by DEA's Forfeiture Counsel by or on the last day to file a claim as set forth in the Notice of Seizure letter for parties receiving notice, or in The Wall Street Journal for parties not in receipt of notice. DEA provides parties with two addresses where a claim may be submitted. For individuals opting to use the U.S. Postal Service, a postal box is provided. For individuals opting to use a private carrier, a physical address is provided. The letter also specifically states that a claim is deemed filed when it is received by Forfeiture Counsel. 18 U.S.C. § 983(a)(2)(A); See also, Pruitt v. United States, No. 91-15411, 1992 U.S. App. LEXIS 4000, at 7-8 (9th Cir. 1992); 21 C.F.R. § 1316.75-1316.77. As this office is not responsible for selecting the mode of transportation for a claimant's correspondence, this office cannot be held accountable if the claimant fails to select a carrier that does not deliver the claimant's correspondence by the last day to file a claim.



**GOVERNMENT
EXHIBIT
8**

13-DEA-580984                                                    Page 2

     Your client was expressly advised in the Notice of Seizure letter dated May 1, 2013, that should he wish to contest the seizure of the referenced property in U.S. District Court, a claim would be deemed filed when it was **actually** received by the DEA Asset Forfeiture Section by June 5, 2013. See e.g., United States v. One GMC Yukon Denali, CV 03-6890 LGB (C.D.Cal. 2003); Florez-Perez v. U.S., Case No. 3:99-CV-1230-J-20A (M.D.Fla.Sept.1, 2000) (claim sent by Federal Express on the last day to file a claim but not received by the D.E.A. until the next day was not timely filed); Sandoval v. United States, 2001 WL 300729 (S.D.N.Y. 2001) (claim is considered filed in a civil forfeiture action when it is received by the seizing agency, not when it is mailed by the claimant). As your client's correspondence was not received until after the deadline date, your correspondence cannot be considered a timely filed claim and this office's decision to treat your correspondence as untimely filed is hereby affirmed.

     Your client's only available option in seeking the return of the above-referenced property is to submit a Petition for Remission or Mitigation of Forfeiture ("petition"). For your reference, a petition is a statement of the facts and circumstances that you believe justifies the return of the property. Please note that the petition must be sworn to under penalty of perjury. Acceptable language required by statute is as follows:

     "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)."

                                      (Signature)

For additional information regarding the administrative forfeiture process and Petitions for Remission or Mitigation, your attention is directed to the notice of seizure letter previously sent to you as well as 28 C.F.R. Part 9. You are hereby granted **thirty (30) days** from the date of your receipt of this letter to submit a petition.

     Further correspondence regarding this matter must reference the DEA and asset identification numbers noted above and must be addressed to the Forfeiture Counsel, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, VA 22134-1475. Correspondence sent via next day delivery type service must be sent to the Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, VA 22152.

                                   Sincerely,

                                   Carmen R. Pomares
                                   Senior Attorney
                                   Asset Forfeiture Section

Enclosure

Exhibit I

# ROSS AMSEL RABEN
## NASCIMENTO

ALAN S. ROSS (1950 - 2018)
ROBERT G. AMSEL
DAVID RABEN
JOSEPH E. NASCIMENTO

WWW.CRIMLAWFIRM.COM

2250 S.W. 3RD AVE. | 4TH FLOOR
MIAMI, FLORIDA 33129
PHONE: 305-858-9550
FAX: 305-858-7491

April 20, 2022

Attn: Agent Jason D. Kane
Special Agent in Charge
Criminal Investigation Division
Communications Center-AFB
245 Murray Lane, S.W.
Building #T-5
Washington, DC 20223

Re: Claim Receipt

Judicial District:        District of Delaware
Agency Case Number:   215-813-10619
Seizure Numbers:      215-2021-004, 215-2021-005
Asset Identification:   See attached list

Dear Agent Kane:

I have not received a response to my last correspondence to you dated October 20, 2021, regarding the above referenced case. Kindly advise of the status. Thank you.

Sincerely,

Robert Amsel

Asset List for Claim

Agency Case Number   :215-813-10619
Seizure Numbers         :215-2021-004,215-2021-005

| Asset ID | Asset Description | Asset Value |
|----------|------------------|-------------|
| 215-2021-004-0001 | Bank of America Account #898113896559 in the Name of Rebel T Music Incorporated | $101,756.04 |
| 215-2021-005-0001 | Wells Fargo Bank Account #1900308188 in the Name of Rebel T Music Incorporated | $32,654.02 |

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

| Washington, DC 20223 | |
| OFFICIAL USE | |
| Certified Mail Fee $4.00 | 0130 |
| $ $3.25 | 13 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) $ $0.00 | |
| ☐ Return Receipt (electronic) $ $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery $ $0.00 | Here |
| ☐ Adult Signature Required $ $0.00 | |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage $1.92 | |
| | 12/12/2022 |
| Total Postage and Fees $9.17 | |
| Sent To | |
| Street and Apt. No., or PO Box No. | |
| City, State, ZIP+4® | |

PS Form 3800, April 2015 PSN 7530-02-000-9047       See Reverse for Instructions



## UNITED STATES POSTAL SERVICE.

SHENANDOAH
1800 CORAL WAY
MIAMI, FL 33145-9998
(800) 275-8777

12/12/2022                          03:00 PM

---
| Product | Qty | Unit Price | Price |
|---|---|---|---|

First-Class Mail®        1                    $1.92
Large Envelope
    Washington, DC 20223
    Weight: 0 lb 3.30 oz
    Estimated Delivery Date
        Fri 12/16/2022
Certified Mail®                              $4.00
    Tracking #:
        70222410000000394435
Return Receipt                               $3.25
    Tracking #:
        9590 9402 7782 2152 3283 71
Total                                        $9.17
---
Grand Total:                                 $9.17
---
Debit Card Remit                             $9.17
    Card Name: VISA
    Account #: XXXXXXXXXXXX2178
    Approval #: 090015
    Transaction #: 979
    Receipt #: 044790
    Debit Card Purchase: $9.17
    AID: A0000000980840          Chip
    AL: US DEBIT
    PIN: Verified
---

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
        1-800-222-1811.

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device,



or call 1-800-410-7420.

UFN: 115898-0130
Receipt #: 840-53300125-3-6328543-2
Clerk: 13



U.S. Department of Homeland Security
## UNITED STATES SECRET SERVICE

December 29, 2022

245 Murray Lane, S.W.
Washington, DC 20223

Robert D. WIlliams
Attn: Robert G. Amsel
Ross, Amsel, Raben, Nascimento
2250 Southwest 3rd Avenue
4th Floor
Miami, FL 33129

RE:    Claim Receipt

Judicial District          : District of Delaware
Agency Case Number    : 215-813-10619
Seizure Numbers          : 215-2021-004, 215-2021-005
Asset Indentification     : See Attached List

Dear Mr. Amsel:

Reference is made to your letter, dated December 12, 2022.

Reference is also made to our letter, dated October 7, 2021.

Please be advised we consider this matter closed.

Sincerely,

William M. Mancino
Special Agent in Charge
Criminal Investigative Division

Asset List

USSS Seizure Numbers        : 215-2021-004, 215-2021-005

| Asset ID | Asset Description | Asset Value |
|---|---|---|
| 215-2021-004-001 | Bank of America Account #898113896559 in the Name of Rebel T Music Incorporated | $101,756.04 |
| 215-2021-005-0001 | Wells Fargo Bank Account #1900308188 in the Name of Rebel T Music Incorporated | $32,654.02 |



**U.S. Department of Justice**

Drug Enforcement Administration

| | |
|---|---|
| Asset Id: | 13-DEA-580984 |
| Case Number: | R3-13-0116 |
| Property: | $99,500.00 U.S. Currency |
| Asset Value: | $99,500.00 |
| Seizure Date: | 04/04/2013 |
| Seizure Place: | San Francisco, CA |
| Owner Name: | Okafor, Chike |
| Seized From: | Charles, Chike Okafor aka O Chike |
| Judicial District: | Northern District of California |

Chike Okafor aka O Chike Charles
616 Mohawk Circle
Stockbridge, GA 30281

NOTICE MAILING DATE: May 1, 2013

## NOTICE OF SEIZURE

The above-described property was seized by the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (pardon) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by June 5, 2013. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to

hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding – either civil or criminal – even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, VA 22152. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset ID referenced above should be used with all submissions. Failure to include the Asset ID may cause a delay in processing your submission(s).

2013 JUN -6 PM 3:05

ASSET FORFEITURE SECTION



**U. S. Department  . Justice**
Drug Enforcement Administration
Washington, D.C.

JUL 2 4 2013

**CERTIFIED MAIL/RETURN RECEIPT**

David M. Michael
Attorney at Law
One Sansome Street, Suite 3500
San Francisco, CA 94104

RE: DEA Case No.:   R3-13-0116
    Asset I.D.:      13-DEA-580984
    Property:        $99,500.00 U.S. Currency
    Client:          Chike Okafor a/k/a O Chike Charles

Dear Mr. Michael:

The Drug Enforcement Administration (DEA) received your correspondence dated July 13, 2013, regarding the above-referenced seizure. You take issue with DEA's initial determination that your client's claim received by DEA on June 6, 2013, is untimely. For the reasons set forth below, the finding of untimeliness is affirmed.

The last day for you client to file a claim to contest the seizure of the referenced currency was June 5, 2013, as indicated in the Notice of Seizure letter dated May 1, 2013, sent to your client by certified mail. This letter was received on May 4, 2013, as evidence by the signed postal receipt.

The responsibility for ensuring that a claim is timely delivered rests on the claimant as a document is not considered filed until "it is delivered to the proper official and by him received and filed." United States v. Lombardo, 241 U.S. 73, 76 (1916). A claim is not deemed filed until received by DEA's Forfeiture Counsel by or on the last day to file a claim as set forth in the Notice of Seizure letter for parties receiving notice, or in The Wall Street Journal for parties not in receipt of notice. DEA provides parties with two addresses where a claim may be submitted. For individuals opting to use the U.S. Postal Service, a postal box is provided. For individuals opting to use a private carrier, a physical address is provided. The letter also specifically states that a claim is deemed filed when it is received by Forfeiture Counsel. 18 U.S.C. § 983(a)(2)(A); See also, Pruitt v. United States, No. 91-15411, 1992 U.S. App. LEXIS 4000, at 7-8 (9th Cir. 1992); 21 C.F.R. § 1316.75-1316.77.  As this office is not responsible for selecting the mode of transportation for a claimant's correspondence, this office cannot be held accountable if the claimant fails to select a carrier that does not deliver the claimant's correspondence by the last day to file a claim.

13-DEA-580984                                          Page 2

    Your client was expressly advised in the Notice of Seizure letter dated May 1, 2013, that should he wish to contest the seizure of the referenced property in U.S. District Court, a claim would be deemed filed when it was **actually** received by the DEA Asset Forfeiture Section by June 5, 2013. See e.g., United States v. One GMC Yukon Denali, CV 03-6890 LGB (C.D.Cal. 2003); Florez-Perez v. U.S., Case No. 3:99-CV-1230-J-20A (M.D.Fla.Sept.1, 2000) (claim sent by Federal Express on the last day to file a claim but not received by the D.E.A. until the next day was not timely filed); Sandoval v. United States, 2001 WL 300729 (S.D.N.Y. 2001) (claim is considered filed in a civil forfeiture action when it is received by the seizing agency, not when it is mailed by the claimant). As your client's correspondence was not received until after the deadline date, your correspondence cannot be considered a timely filed claim and this office's decision to treat your correspondence as untimely filed is hereby affirmed.

    Your client's only available option in seeking the return of the above-referenced property is to submit a Petition for Remission or Mitigation of Forfeiture ("petition"). For your reference, a petition is a statement of the facts and circumstances that you believe justifies the return of the property. Please note that the petition must be sworn to under penalty of perjury. Acceptable language required by statute is as follows:

    "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)."

                            (Signature)

For additional information regarding the administrative forfeiture process and Petitions for Remission or Mitigation, your attention is directed to the notice of seizure letter previously sent to you as well as 28 C.F.R. Part 9. You are hereby granted **thirty (30) days** from the date of your receipt of this letter to submit a petition.

    Further correspondence regarding this matter must reference the DEA and asset identification numbers noted above and must be addressed to the Forfeiture Counsel, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, VA 22134-1475. Correspondence sent via next day delivery type service must be sent to the Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, VA 22152.

                        Sincerely,

                        Carmen R. Pomares

                        Carmen R. Pomares
                        Senior Attorney
                        Asset Forfeiture Section

Enclosure