UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-20296-SCOLA

ROBERT WILLIAMS,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.
                                   /

## UNITED STATES' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RETURN OF PROPERTY

The United States of America (the "United States"), by and through the undersigned, Assistant United States Attorneys, hereby files this Response in Opposition to Plaintiff's *Motion For Return Of Property Pursuant To Rule 41(g) Fed. Rules Crim. Proc., The Civil Asset Forfeiture Reform Act of 2000 (CAFRA), The Due Process Clause of the Fifth Amendment, and/or the Equitable Jurisdiction of the Court* (the "Motion") [ECF No. 1]. For the following reasons, the Motion should be denied.

Plaintiff Robert Williams ("Williams") has filed the Motion seeking the return of $101,756.04 seized from a Wells Fargo Bank Account (the "WF Funds") and $32,654.02 seized from a Bank of America Account (the "BOA Funds"), (collectively the "Property"). The Plaintiff seeks the return of the Property, which has been administratively forfeited. The Court should deny the Petition because fails to state a claim upon which relief can be granted, and further, the Court lacks subject matter jurisdiction to hear this dispute. In support of this response and the Motion's dismissal, the United States submits the following factual and legal bases.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

1. On or about May 12 and 13, 2021, the United States Secret Service (the "USSS"), pursuant to a federal seizure warrant issued by the United States District Court for the Northern District of Ohio, seized the Property, which was titled in the name of Rebel T Music Inc.

2. According to the Florida Division of Corporations website (Sunbiz.org), Rebel T. Music, Inc. is a Florida Corporation with its principal, mailing, and registered agent address listed as 4839 SW 148th Ave., #614, Davie, Florida 33330 (the "Corporate Address")[1]. *See* Sunbiz Corporation Registration for Rebel T Music, Inc. (attached hereto as Exhibit A). The Sunbiz page also lists Plaintiff as the CEO of Rebel T Music, Inc., along with his address as 9910 SW 12th Street Pembroke Pines, Florida 33025 (the "Personal Address").

3. A Google Search shows that the Corporate Address is a Pak-N-Ship/U-Haul business, which Plaintiff apparently uses as a mail delivery location for Rebel T Music, Inc.

4. After seizing the Property, the USSS instituted administrative forfeiture proceedings against the Property, pursuant to 18 U.S.C. § 981, by sending a Notice of Seizure letter dated July 8, 2021, via UPS to all potential claimants, including the Plaintiff (at both the Corporate and Personal Addresses) and Rebel T Music Incorporated (at the Corporate Address), which Notice was delivered on or about July 9, 2021. *See* Notice Letter & Proof of Delivery (attached hereto as Exhibit B).

5. The Notice of Seizure letters were returned to the USSS on or about July 27, 2021, after the addressees failed to pick up the letters from the Pak-N-Ship.[2] *See* Return to Shipper Labels (attached hereto as Exhibit C).

---

[1] SW 148th Avenue in Davie, Florida is also known as Volunteer Road, Davie, Florida.
[2] One of the Notice of Seizure Letters was returned because UPS determined the street did not exist, *see* Exhibit C, p. 2, however, as stated *infra* para. 6, upon a second attempt of service at the same location, the Notice of Seizure Letter was properly delivered at that address.

6. On or about August 18, 2021, the USSS sent a second set of three Notice of Seizure letters via UPS to the Plaintiff and Rebel T Music Incorporated to the same locations as the first Notice letters. The second set of Notice letters were delivered on August 19, 2021. *See* Notice Letter & Proof of Delivery (attached hereto as Exhibit D).

7. The Notice of Seizure letters put the Plaintiff on notice that he "must file a Claim of Ownership…with USSS by **September 22, 2021**." *Id.* (emphasis added).

8. The USSS also published notice of the forfeiture on an official government website (www.forfeiture.gov) for thirty (30) days, from July 9, 2021 to August 7, 2021. *See* Proclamation of Forfeiture (attached hereto as Exhibit E).

9. On or about September 23, 2021, the USSS communications center received an untimely claim submitted by the Plaintiff, which claim was subsequently remitted to the USSS Asset Forfeiture Branch on September 24, 2021. *See* Plaintiffs' Untimely Administrative Forfeiture Claim (attached hereto as Exhibit F); *see also* 18 U.S.C. § 983(a)(2)(A) (administrative forfeiture claim deadlines).

10. On or about September 27, 2021, USSS sent Plaintiff's counsel a Claim Denial & Petition Receipt Letter. *See* Claim Denial & Petition Receipt Letter (attached hereto as Exhibit G). Plaintiff's counsel responded to the Claim Denial & Petition Letter on September 30, 2021 (attached hereto as Exhibit H), and USSS replied thereto on October 7, 2021, and notified the Plaintiff that the claim was still denied. *See* Second Denial Letter (attached hereto as Exhibit I).

11. With no timely claims filed, the USSS administratively forfeited the Property on or about November 8, 2021, pursuant to 18 U.S.C. § 1602. *See* Exhibit. E.

12. On January 25, 2023, Plaintiff commenced this action pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, seeking the return of the Property. *See* Motion, ECF No. 1.

13. The Court referred the case to United States Magistrate Judge Goodman to conduct a scheduling conference, pursuant to Local Rule 16.1.B. *See* Order Referring Case, ECF No. 4.

## ARGUMENT

**A. Plaintiff Fails to State A Claim Upon Which Relief Can Be Granted**

Federal Rule of Civil Procedure 12(b)(6) permits the Court to dismiss a complaint for failure to state a claim upon which relief can be granted. Plaintiff's motion should be dismissed because it fails, on its face, to set out a claim pursuant to 18 U.S.C. § 983(e).

Here, the USSS administratively forfeited the Property on or about November 8, 2021. *See* Exhibit D. Administrative forfeiture proceedings, otherwise known as nonjudicial civil forfeiture proceedings, are governed by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), which is codified, in part, in 18 U.S.C. § 983. CAFRA provides a motion to set aside a declaration of forfeiture under § 983(e) is the "exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5), *see also Mesa Valderrama v. United States*, 417 F.3d 1189, 1195 (11th Cir. 2005).

Title 18, United States Code, Section 983(e)(1) sets forth two conjunctive elements that must be met before a court can set aside an administrative forfeiture.[3] A "motion shall be granted if -

    (A)    the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; *and*

    (B)    the moving party did not know or have reason to know of the seizure within sufficient time to make a timely claim."

(Emphasis added).

---

[3] The prerequisite for the application of this section is that the movant must be a person entitled to notice who does not receive such notice. 18 U.S.C. §983(e)(1). The United States agrees that movant was entitled to notice and that the United States gave actual notice, *twice at multiple locations*.

"In order to prevail [under Section 983(e)], the person entitled to notice of a forfeiture must show that the government did not take reasonable steps to provide notice and also show that the person did not have reason to know of the seizure with sufficient time to file a timely claim." *Van Horn v. DEA*, 2009 WL 1514307, (M.D. Fla. 2009)(citing 18 U.S.C. § 983(e)(1) conjunctive requirements and finding movant had reason to know of the seizure precluded relief under Section 983); *Harrington v. Drug Enforcement Agency*, 2006 WL 897221, (E.D. Ky. April 6, 2006) (citing 18 U.S.C. § 983(e)(1)(A) and (B)). *See also Johnson v. United States*, 2004 WL 2538649, *2 (S.D. Ind. Oct. 22, 2004) ("Simply stated, Johnson must show both that the government did not take reasonable steps to provide notice, and that Johnson did not have reason to know of the seizure with sufficient time to make a timely claim"); *Upshaw v. United States Customs Service,* 153 F. Supp. 2d 46, 51 (D. Mass. 2001) (plaintiff's Section 983(e) claim failed, in part, because "any argument about lack of notice is hopeless" where facts demonstrated that plaintiff had actual notice of the seizure).

### The United States took reasonable steps to provide Plaintiff with notice pursuant to 18 U.S.C. § 983(e) and Plaintiff had actual notice of the seizure.

The notice necessary to satisfy due process requires only that interested persons be given "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950). Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice. *Dusenbery v. United States*, 534 U.S. 161, 170 (2002).

Here, the USSS sent timely notice <u>twice</u>. First, on July 8, 2021, via UPS to Plaintiff at his Personal and Corporate Addresses and to Rebel T Music Inc. at the Corporate Address. The letters

5

were delivered on July 9, 2021, at 11:23 a.m. to the Corporate Address, and returned to sender on July 22, 2021, (*see* Exhibit B) because Plaintiff failed to pick up his mail after the Notice of Seizure Letters sat at the Pak-N-Ship (the designated delivery location of Plaintiff's choice) for nearly two weeks. Second, the USSS sent a set of Notice of Seizure Letters via UPS Next Day Air Saver dated August 18, 2021, and delivered on August 19, 2021, to Plaintiff at his Personal and Corporate Addresses and Rebel T Music, Inc.'s Corporate Address, (*see* Exhibit B), which Plaintiff apparently received.

Plaintiff affirmatively admits that he had ***actual notice*** of money's seizure. Plaintiff provides in his motion, as *Exhibit A*, the Seizure of Property letter dated August 18, 2021. [ECF No. 1, ¶1]. Additionally, Plaintiff states "Plaintiff decided to file the Seized Asset Claim Form and contest the forfeiture in District Court. *See* executed claim form attached as Exhibit B." [ECF No.1, ¶1]. In his Exhibit B, Plaintiff states "I am the president + owner of Rebel T. Music Inc. which owns both bank accounts which were seized. All of the sized [sic] funds are lawfuly [sic] devived [sic] and intended for lawful use." [ECF No. 1]. This form was signed and dated September 20, 2021. Such knowledge precludes him from maintaining a claim under Section 983(e)(1)(B). *See Van Horn*, 677 F.Supp.2d at 1311 (holding that Van Horn is not entitled to relief under § 983(e) because Van Horn knew or should have known of the seizure of the currency within a sufficient time to file a timely claim as he was present at his home where the seizure took place); *In re Sowell*, 2009 WL 799570 (E. D. Mi. 2009) (court denied motion to set aside a completed administrative forfeiture where the movant had actual knowledge of the seizure since the money had been taken from his person).

Therefore, regardless of any other factor, Plaintiff has failed to state a claim upon which relief can be granted under Section 983(e) because the government took reasonable steps to notice

6

him, and, by his own admission, he received timely, actual notice. Accordingly, his motion/complaint for relief under Section 983(e) must be dismissed for failure to state a claim upon which relief can be granted.

**B.     The Court Lacks Subject Matter Jurisdiction Over Plaintiff's 41(g)**

Plaintiff also makes a claim to return the Property, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. As noted above, a motion to set aside a declaration of forfeiture under Section 983(e) is the "exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5). Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). Rule 41(g), however, does not permit the recovery of property that has been forfeited to the Government and therefore is inapplicable to this case. *See United States v. Eubanks*, 169 F.3d 672 (11th Cir. 1999) (per curiam) (affirming district court's denial of *pro se* motion for return of property that was administratively forfeited by the Drug Enforcement Administration).

In the alternative to its statutory claims, Plaintiff generally requests equitable intervention by this Court. As such, a federal court may "invoke its equitable jurisdiction to consider return-of-property claims in 'exceptional cases where equity demands intervention.'" *United States v. Bryant*, 685 F. App'x 855, 856 (11th Cir. 2017) (quoting and citing *Mesa Valderrama v. United States*, 417 F.3d 1189, 1194 (11th Cir. 2005)). Such judicial review is treated as a civil action in equity and "limited to determining whether the agency followed the proper procedural safeguards and cannot extend to the merits of the administrative forfeiture." *Verdieu*, No. 17-11572, 2017 WL 5988449, at *2 (internal quotations and citations omitted). "Where equitable jurisdiction does exist, it must be exercised with caution and restraint and is appropriate only when the petitioner's

7

conduct and the merits of his petition require judicial review to prevent manifest injustice." *Id.* (internal quotations and citations omitted). Because federal courts possess only limited jurisdiction, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted); *see also Murphy v. Sec'y, U.S. Dep't of Army*, 769 Fed.Appx. 779, 781-782 (11th Cir. 2019); *United States v. Rojas*, 429 F.3d 1317, 1320 (11th Cir. 2005). The district court must dismiss an action if it determines, at any time, that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).[4]

Specifically, Plaintiff requests the Court to apply equitable tolling of one-day to Plaintiff's administrative claim due to "extraordinary circumstances" of Plaintiff's counsel requiring "filing" be defined in USSS's Seizure Notice and Plaintiff's counsel mistakenly believing the "mailbox rule" applied. [ECF No. 1, ¶7].

"Principles of equitable tolling are read into every federal statute of limitation," but, because "equitable tolling is a matter of congressional prerogative," equitable tolling should not be applied when Congress has clearly spoken otherwise. *Cook v. Deltona Corp.*, 753 F.2d 1552, 1562 (11th Cir.1985).

---

[4] The Eleventh Circuit has recognized that challenges to subject matter jurisdiction may be facial or factual. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "Facial attacks . . . require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1529 (quoting and citing *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980), *cert. denied,* 449 U.S. 953 (1980)) (internal quotations and brackets omitted). "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (internal quotations omitted). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981), *cert. denied*, 454 U.S. 897 (1981)).

Here, because no part of Section 983(a)(3)(A) expressly disallows equitable tolling, and because the statute is procedural, rather than jurisdictional, it is within the Court's discretionary authority to toll the statute. *See United States v. Vazquez*, 760 F.3d 193, 198 (2nd Cir. 2014) ("[T]he provisions of § 983 are procedural rules for pursuing the forfeiture of seized assets, not conditions of subject matter jurisdiction.") (internal quotation marks omitted); *Holland v. Florida*, 560 U.S. 631, 645–646, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) ("[A] nonjurisdictional federal statute of limitations is normally subject to a rebuttable presumption in favor of equitable tolling.") (internal quotation marks omitted).

A party is generally entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented the timely filing." *Holland*, 560 U.S. at 649, 130 S.Ct. 2549 (internal quotation marks omitted). Equitable powers such as tolling allow a court to provide relief on a "case-by-case basis" if "specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id*. at 650, 130 S.Ct. 2549.

Because "[e]quitable tolling is an extraordinary remedy" to correct injustices in extraordinary circumstances, it is "typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). Attorney negligence or other "garden variety claim of excusable neglect" does not justify equitable tolling, nor does a "miscalculation that leads a lawyer to miss a filing deadline." *Holland*, 560 U.S. at 651, 130 S.Ct. 2549 (internal quotation marks omitted).

Here, Plaintiff points to the term "filing" not being define in USSS Seizure Notice in combination with Plaintiff's counsel misapplying the "mailbox rule"[5] as the extraordinary circumstances which justify equitable intervention from this Court. The Court should not be moved

---

[5] It is unclear if Plaintiff is referring to the common-law mailbox rule or the prison mailbox rule.

9

by these arguments. Equitable tolling should only be considered where a party has "pursu[ed] his rights diligently" despite an extraordinary obstacle. And "when faced with mandatory deadlines, the requirement of due diligence may obligate attorneys to go beyond standard practice to ensure that they respect the deadlines." *One 2007 Harley Davidson*, 982 F.Supp.2d at 640. *Holland*, 560 U.S. at 649, 130 S.Ct. 2549. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.1999).

Here, Plaintiff has conceded that his mistake—even if made in good-faith—was entirely of his own making. Plaintiff was on actual notice of the administrative forfeiture proceedings beginning August 19, 2021, the Notice Letters contained the contact information for USSS for any questions that Plaintiff may have had, and yet Plaintiff did not reach out to the agency. Had Plaintiff counsel's inquired into what "filed" meant with respect to the Notice Letter or the application of the "mailbox rule" to administrative claims, Plaintiff would have presumably filed his claim on time. His failure to do so sounds more in "a garden variety claim of excusable neglect" than an "extraordinary circumstance." *Holland*, 560 U.S. at 649, 651, 130 S.Ct. 2549. As such, the Court should find the circumstances of this Motion do not merit extraordinary circumstances and decline to invoke its equitable powers.

## CONCLUSION

For the Foregoing reasons, the United States respectfully requests that Plaintiff's motion seeking 18 U.S.C. § 983(e), Fed. R. Crim. P. 41(g) and for equitable relief, be dismissed.

Respectfully submitted,

**MARKENZY LAPOINTE**
**UNITED STATES ATTORNEY**

By:  */s/ Jason Reding*
Jason Reding
Florida Bar No. 56876
Assistant United States Attorney
U.S. Attorney's Office
99 NE 4th Street, 3rd Floor
Telephone: (305) 961-9202
E-mail: Jason.Reding@usdoj.gov

By:  */s/ Emily R. Stone*
Emily R. Stone
Florida Bar No. 92077
Assistant United States Attorney
U.S. Attorney's Office
99 NE 4th Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9407
E-mail: Emily.Stone@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 7, 2023, the foregoing document was filed with the Clerk of the Court using CM/ECF, and a copy was sent via FedEx Tracking No. 7717-9173-5065 to Robert G. Amsel, Counsel for the Plaintiff, 2250 SW 3rd Ave. 4th Floor, Miami, FL 33129 and via e-mail to bobamsel@crimlawfirm.com.

By:  */s/ Emily R. Stone*
Emily R. Stone
Assistant United States Attorney