**ROBERT G. AMSEL, FBN 349690**
**ROSS AMSEL RABEN**
**NASCIMENTO PLLC**
**2250 Southwest 3rd Avenue**
**Suite 400**
**Miami, Florida 33129**
**(305) 858-9550 office**
**E-mail: BobAmsel@crimlawfirm.com**

**Attorney for Plaintiff**
**Robert Williams**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

ROBERT WILLIAMS,                                CASE NO. 1:23-CV-20296-RNS

    Plaintiff.

v.

UNITED STATES OF AMERICA,
    Defendant.
_____/

### PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RETURN OF PROPERTY

Plaintiff, Robert Williams, through undersigned counsel, files this Reply to Defendant's Response in Opposition to Plaintiff's Motion for Return of Property and in support thereof states:

1. In its Reply, the United States (Defendant) concedes that this court may "invoke its equitable jurisdiction to consider return of property claims in exceptional cases where equity demands intervention" to "determine whether the agency followed proper procedural safeguards," and may provide relief if "specific circumstances….could warrant special treatment in an appropriate case." *See* Defendant's Reply at p.7-9.

2. In addressing the equities of this case, the Defendant limits its analysis to only two of Mr. Williams' arguments—that the seizing agency failed to define "filing" in its seizure notice as

1

actual receipt of the claim and counsel's mistaken belief that the "mailbox rule" applied. The defendant conspicuously fails to address several other arguments and circumstances set forth in Mr. Williams' Complaint which, in fairness, should be considered in determining whether equity demands this court's intervention and relief. The Defendant fails to address the following:

(1) In every reported case like this, the seizing agencies issued Notice of Seizure letters warning that filing a claim by the due date means actual receipt by the agency by that date. Indeed, it appears that the United States Secret Service (USSS), the seizing agency in this case, is the only federal agency that fails to provide this warning in its seizure letters. This omission is a trap for the unwary.

(2) Mr. Williams used the commercial carrier recommended by USSS (FedEx) and relied on FedEx's assurance that the claim would in fact be timely delivered on the next business day, September 22, 2021.

(3) The cases cited by Mr. Williams discussing whether the "mailbox rule" applies in administrative forfeiture claims shows that counsel's mistaken belief that it did, was not "a garden variety claim of excusable neglect."

(4) The USSS's inexplicable failure to heed the requirement in 18 USC Sec. 983 (a)(1)(A)(i) that it must send written notice to interested parties "as soon as practicable, and in no case more than 60 days after the date of the seizure, " where it waited 57 days after the seizure before sending its notice which was returned as unclaimed and undeliverable, and then waiting another 39 days to try again.

(5) The numerous cases cited by Mr. Williams (Complaint at p. 12-14) where the seizing agencies' routine mistakes causing them to miss CAFRA deadlines, some of which were far more "routine" and "garden variety" than the "mistake" in the instant case, in which courts applied equitable tolling to ensure that the agency would not have to return the seized property.

(6) Failure to balance the prejudice to the seizing agency of a one-day delay in filing (none), against the draconian effect of keeping Mr. Williams' funds without due process of law, denying him the ability to have his day in court to challenge the government's seizure of his funds.

3. Given the well-established proposition that forfeitures are not favored by the law and the strong preference for resolving disputes on the merits instead of determining the outcome solely on technical or procedural grounds, Mr. Williams respectfully requests that, at the very least,

2

he be provided due process of law and the opportunity to challenge these seizures in a court of law.

          Respectfully submitted,

          */s/ Robert G. Amsel*
          ROBERT G. AMSEL, ESQUIRE
          Florida Bar No. 349690
          ROSS AMSEL RABEN NASCIMENT PLLC
          2250 Southwest 3rd Avenue, Suite 400
          Miami, Florida 33129
          Attorney for Plaintiff
          Robert Williams

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 17th, 2023 the foregoing document was filed with the Clerk of the Court using CM/ECF.

          */s/ Robert G. Amsel*
          ROBERT G. AMSEL, ESQUIRE