United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Robert Williams, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 23-20296-Civ-Scola |
| United States of America, | ) |
| Defendant. | ) |

## Order Granting Motion to Dismiss

This matter is before the Court on Plaintiff Robert Williams's complaint and motion for return of property. (Compl., ECF No. 1.) In response, the Government has filed a motion to dismiss the complaint and motion for return of property. (Mot. Dismiss, ECF No. 13.) The Plaintiff has responded to the Government's motion to dismiss. (Resp., ECF No. 15.) The Government has not filed an optional reply, and the time to do so has passed. Having reviewed the briefing, the record, and the relevant legal authorities, the Court **denies** the Plaintiff's motion for return of property (**ECF No. 1**) and **grants** the Government's motion to dismiss. (**ECF No. 13**.)

1. **Background**

The Plaintiff, Robert Williams, seeks either the return of or the opportunity to contest the forfeiture of a total of $134,410.06 that the United States Secret Service seized via civil forfeiture from two bank accounts held "in the name of the Plaintiff's company, Rebel T Music Inc." (Compl. at 1-2.) The Secret Service seized the money via civil forfeiture on May 12 and 13, 2021. (*Id.*) While the Secret Service initially attempted to provide notice of the forfeiture in July of 2021, those notices were returned. (Mot. Dismiss at 3.) Upon the Secret Service's second attempt, the Plaintiff received notice via a forfeiture letter on August 18, 2021. (Compl. ¶ 1, Ex. A.)

The forfeiture letter directed the Plaintiff that, if he wished to contest the forfeiture, he must file a "Claim of Ownership" with the Secret Service no later than September 22, 2021. (*Id.*) The Plaintiff completed a Claim of Ownership form, and his attorney delivered the form to FedEx on September 21, 2021, for overnight delivery. (*Id.* ¶ 3.) FedEx did not deliver the Claim of Ownership form to the Secret Service Until September 23, 2021, one day after the deadline expired. (*Id.* ¶ 3, Ex. D.) The Secret Service therefore denied the Plaintiff's claim as untimely and never initiated a civil forfeiture proceeding, as it had received no timely claims to the property. (*Id.* ¶ 4, Ex. E.) The Plaintiff requested that the Secret Service exercise its discretion to consider his claim timely filed, but the

Secret Service refused. (*Id.* ¶ 7.) Ultimately, this action seeking return of the property or the initiation of a civil forfeiture proceeding followed.

The Plaintiff seeks relief under Federal Rule of Criminal Procedure 41(g) and 18 U.S.C. §§ 981 and 983 (the Civil Asset Forfeiture Reform Act of 2000, or "CAFRA"). (Compl. at 1.) He requests that the Government be required to return the property to him because the Secret Service did not file a judicial complaint for a civil forfeiture proceeding "within 90 days of the Plaintiff's administrative claim." (*Id.* at 2.) Alternately, he requests that the Court exercise its equitable powers to "order the Government to file a complaint for forfeiture against the subject property within 90 days from its order or return the subject property." (*Id.*)

The Plaintiff seeks this relief based on three arguments. First, he claims that he is entitled to a return of the property under Rule 41(g) because "he was improperly denied a judicial forum to challenge the forfeiture." (*Id.* at 7.) Second, he asserts that he is entitled to a return of the property under CAFRA "because the government failed to file a judicial complaint for forfeiture against the property within 90 days of Plaintiff filing his administrative claim." (*Id.*) Third, and finally, he argues that the Court should exercise its equitable discretion and require the Government to return the property or initiate a forfeiture action by equitably tolling CAFRA's deadline for him to respond to the Secret Service's notice letter. (*Id.* at 9-10.)

The Government responded with a motion to dismiss the Plaintiff's complaint and motion. (Mot. Dismiss at 1.) The Government argues that it acted reasonably in taking steps to provide notice under CAFRA, and the Plaintiff had actual notice of the forfeiture along with sufficient time to file a claim, so the Court should not review the forfeiture. (*Id.* at 4-5.) It also asserts that the Court lacks subject matter jurisdiction over the Plaintiff's Rule 41(g) claim. (Resp. at 7-8.) Finally, it suggests that the Court should decline to exercise its discretionary equitable powers because the Plaintiff fails to point to any extraordinary circumstances justifying such relief. (*Id.* at 8-9.)

2. **Legal Standard**

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—

but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal punctuation omitted) (quoting Fed. R. Civ. P. 8(a)(2)). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Regardless of a plaintiff's allegations, "the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

Under Federal Rule of Criminal Procedure Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property ... may move for the property's return." Fed. R. Crim. P. 41(g). "Similar to Rule 41(g), CAFRA provides specific statutory remedies for a person seeking to set aside a declaration of civil forfeiture or non-judicial forfeiture (i.e. administrative forfeiture)." *United States v. Bryant*, 685 F. App'x 855, 856 (11th Cir. 2017) (citing *Mesa Valderrama v. United States*, 417 F.3d 1189, 1195 (11th Cir. 2005)). While "CAFRA provides the sole remedy for property seized through civil forfeiture, while Rule 41(g) permits a court to invoke its equitable jurisdiction to consider return-of-property claims in 'exceptional cases where equity demands intervention.'" *Id.* (citations omitted). "Thus, CAFRA's statutory remedies are available only where the property is seized through civil or administrative forfeiture process, whereas equitable jurisdiction under Rule 41(g) may cover claims of unlawful seizures of property committed outside the forfeiture process." *Id.*

### 3. Analysis

The Court finds that the Plaintiff's complain and motion for return of property should be dismissed. First, Rule 41(g) is inapplicable in the context of civil forfeitures, and the Court lacks jurisdiction to apply it. Second, the Plaintiff cannot state a claim for relief under CAFRA because he pleads that he had actual notice of the forfeiture and sufficient time to file a claim. Third, the Plaintiff fails to point to any extraordinary circumstances that would justify equitably tolling his claims-filing deadline under CAFRA.

### A. The Court Lacks Jurisdiction to Address Any of the Plaintiff's Requests for Relief under Rule 41(g)

CAFRA provides the only remedy under which the Plaintiff may travel. 18 U.S.C. § 983(e)(5) ("A motion filed under this subsection shall be the **exclusive** remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.") (emphasis added); *Bryant*, 685 F. App'x at 856 ("CAFRA provides the **sole remedy** for property seized through civil forfeiture, while Rule 41(g) permits a court to invoke its equitable jurisdiction to consider return-of-property claims

in 'exceptional cases where equity demands intervention.'") (emphasis added). Because the Secret Service initiated a civil forfeiture of the property at issue here, Rule 41(g) is inapplicable. (Compl. ¶¶ 1-3, Ex. A.) The Court will therefore only address the relief that the Plaintiff requests in the context of CAFRA; Rule 41(g) is not applicable and the Court lacks subject matter jurisdiction to apply it in this context.

### B. The Plaintiff Fails to State a Claim for Relief under CAFRA Because He Had Actual Notice of the Forfeiture and Failed to Timely File a Claim

Applying CAFRA, it is clear that the Court may not set aside the forfeiture here because the Plaintiff had actual notice of the forfeiture. (Compl. ¶ 1, Ex. A); 18 U.S.C. § 983(e)(1)(B) (2016). While the Court may not review the underlying merits of the forfeiture under CAFRA, it may review the adjudicatory process the Government used. *Mesa Valderrama v. United States*, 417 F.3d 1189, 1194 (11th Cir. 2005) ("'This court lacks jurisdiction to review the merits of administrative or nonjudicial forfeiture decisions, but does have jurisdiction over claims seeking review of the adjudicatory process itself.'"). If the adjudicatory process is deficient, then the Court is required to set aside the forfeiture under CAFRA:

> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if--
>
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e). Based on the statute's plain and clear terms, then, the Plaintiff must establish **both** that the Government failed to take reasonable steps to notify him of the forfeiture **and** that he neither knew nor had reason to know of the forfeiture in time to contest it. *Id.*

The Plaintiff's complaint clearly establishes that he had actual notice of the forfeiture on August 18, 2021, more than one month before the deadline to submit an administrative claim contesting the seizure. (Compl. ¶ 1, Ex. A.) The Plaintiff focuses his arguments largely on the purported deficiency of the Secret Service's attempts to provide him notice. (*Id.* at 7-9.) The fact that the Plaintiff

pleads that he had **actual notice** of the forfeiture and had over thirty days to respond to it, however, establishes that he is not entitled to relief under the statute. 18 U.S.C. § 983(e)(1)(B); *Mesa Valderrama*, 417 F.3d at 1196 ("Moreover, the Government notes that 18 U.S.C. § 983(e) is the exclusive remedy available to persons challenging nonjudicial forfeiture actions providing relief only in instances where the injured party did not receive adequate notice to challenge the proceeding and the record shows Mesa received notice in sufficient time to challenge the proceeding and acknowledges receiving such notice. Therefore, the Government argues, Mesa is not entitled to relief. We agree with the Government."). The Court accordingly may not set aside the forfeiture under CAFRA.

### C. The Plaintiff Fails to Identify Extraordinary Circumstances that Would Support Equitably Tolling the Claim Filing Deadline

CAFRA's timely filing deadline may presumably be equitably tolled, although the Eleventh Circuit has not explicitly stated so in a published opinion. *United States v. Capote*, 159 F. App'x 108, 112 (11th Cir. 2005) (presuming without deciding that CAFRA's claims deadline could be equitably tolled because "absent Congressional intent to the contrary, principles of equitable tolling are read into every federal statute of limitation."). Assuming that the Court can equitably toll CAFRA's filing deadline under the same reasoning, the Court must apply the doctrine "sparingly" because it is an "extraordinary remedy." *Id.* A party seeking equitable tolling bears the burden of demonstrating that his filing was untimely "because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence." *Id.* (emphasis in original).

The circumstances that the Plaintiff presents here do not justify equitable tolling of CAFRA's filing deadline. The Plaintiff's complaint establishes that he received notice of the Secret Service's seizure of the property on August 18, 2021. (Compl. ¶ 1, Ex. A.) The Secret Service's letter clearly stated the deadline to file an administrative claim as September 22, 2021. (*Id.* ¶ 3, Ex. A.) The Plaintiff did not mail his claim until September 21, 2021, and the claim was not delivered until September 23, 2021. (*Id.* ¶ 3, Exs. C, D.) Although the Plaintiff purchased overnight delivery from FedEx, the claim failed to arrive on time. (*Id.*)

These are not "extraordinary circumstances," and even if a mail-carrier's one-day delay in delivery could somehow be considered extraordinary, the Plaintiff could have avoided this outcome with diligence. *Capote*, 159 F. App'x at 112-13. The Plaintiff had over one month to complete his claim form and mail it to the Secret Service. That he and his counsel waited until the near-eleventh hour to submit the claim does not demonstrate diligence. Nor do his counsel's after-the-fact arguments that the mailbox rule might apply, where the prevailing

authorities hold that it does not,[1] demonstrate "extraordinary circumstances" or show that the outcome here was "unavoidable even with diligence." *Id.* Had the Plaintiff's counsel truly believed the rule might apply, he could have inquired with the Secret Service prior to submitting the administrative claim—but he did not. (Compl. ¶¶ 1-4.) Therefore, the Court does not find that the appropriate circumstances exist to support equitably tolling the claims-filing deadline.

### 4. Conclusion

Accordingly, the Court **grants** the Government's motion to dismiss (**ECF No. 13**), **denies** the Plaintiff's motion for return of property, and **dismisses** the Plaintiff's complaint. (**ECF No. 1**.) The Clerk is directed to **close** this case. Any pending motions are denied as moot.

**Done and ordered** in Miami, Florida, on June 5, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

---

[1] The Court commends the Plaintiff's counsel for his candor in admitting that "the prevailing authority is that the 'mailbox rule' does not apply to mailing claims." (Compl. at 11); *see, e.g., Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017) (holding that administrative claim filed one day late due to FedEx's delay in delivery was not eligible for equitable tolling). The fact that some courts still debate the issue does not help the Plaintiff in this instance, however, because the Court must determine whether the circumstances here meet the requirements for equitable tolling: that is, "extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence." *Capote*, 159 F. App'x 112. They do not. *Okafor*, 846 F.3d at 340 ("Even if, as Okafor contends, his counsel delivered his claim to FedEx for overnight delivery before the close of business on June 4, FedEx's purported delivery delay does not constitute the kind of extraordinary circumstance that we have found to justify equitable tolling. We have noted that an attorney's filing by mail shortly before a deadline expires constitutes routine negligence.").