United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Robert Williams, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 23-20296-Civ-Scola |
| | ) |
| United States of America, | ) |
| Defendant. | ) |

### Order Denying Motion for Reconsideration

This matter is before the Court on Plaintiff Robert Williams', motion for reconsideration of the Court's order granting the Defendant United States of America's motion to dismiss. (Mot., ECF No. 19.) The Government has filed a response to the motion. (Resp., ECF No. 20.) The Plaintiff has not filed a reply, and the time to do so has passed. After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **denies** the Plaintiff's motion for reconsideration. (**ECF No. 19**.)

1. **Background**

The Plaintiff, Robert Williams, sued the United States seeking the return of forfeited money seized from the Plaintiff's company's bank accounts. (Compl. at 1-2.) The Plaintiff based his claims on allegations that the Government did not properly comply with applicable forfeiture statutes or file a judicial forfeiture complaint in response to his administrative claim contesting the forfeiture. (*Id.*) The Government moved to dismiss, and the Court granted the motion, finding that the Plaintiff had actual notice of the forfeiture and did not timely file his administrative claim. (Order, ECF No. 18.)

The Plaintiff now seeks reconsideration, arguing that the Court did "not address the violation of Mr. Williams' due process rights from the inadequate notice sent by the seizing agency" and that the Court's order "terminates Mr. Williams' property rights without any judicial decree." (Mot. ¶¶ 2-5.) He also argues that the Court improperly refused to equitably toll the filing deadline for his administrative claims. (*Id.* ¶ 6.) In response, the Government asserts that the Plaintiff's arguments are an impermissible attempt to relitigate the motion to dismiss, and the Plaintiff further fails to address how any of his requested relief would be viable when he never contests that he had actual notice of the forfeiture. (Resp. at 2-3.)

## 2. Legal Standards

"A district court has the discretion to revise or reconsider interlocutory orders at any time before final judgment has been entered." *Belmont Holdings Corp. v. SunTrust Banks, Inc.*, 896 F. Supp. 2d 1210, 1222–23 (N.D. Ga. 2012) (citing Fed. R. Civ. P. 54(b) and *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000)). Motions for reconsideration, whether considered under Rule 54(b) (like this one), Rule 59(b), or Rule 60(b), are generally all evaluated under the same standard. *Region 8 Forest Serv. v. Alcock*, 993 F.2d 800, 805-06 (11th Cir. 1993) ("We see no reason to apply a different standard when the party seeks reconsideration of a non-final order.") In addressing a motion to reconsider a prior decision, two opposing policies must be balanced: on the one hand, the desirability of finality, and on the other, the public interest in reaching the right result. *Civil Aero. Bd. v. Delta Air Lines, Inc.*, 367 U.S. 316, 321 (1961). To balance these competing principles, courts generally permit reconsideration where there is newly discovered evidence, a manifest error of law or fact, or where justice so requires. *See In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999); *Vila v. Padron*, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). A motion for reconsideration is not appropriately used as a vehicle to "relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of [the order]." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). "Motions for reconsideration are left to the sound discretion of the district court and are to be decided as justice requires." *Belmont Holdings*, 896 F. Supp. 2d at 1223.

## 3. Analysis

The Court agrees with the Government: the motion is (largely) an improper attempt to relitigate the Court's order granting the motion to dismiss. The Plaintiff raises no new arguments that the Court did not already consider and reject when it granted the motion. *Michael Linet, Inc.*, 408 F.3d at 763. And, to the extent any of the Plaintiff's due process arguments are new arguments, the Plaintiff could have raised them before, but failed to do so. *Id.*

Additionally, the Plaintiff fails to present any arguments identifying how his actual notice of the forfeiture proceedings does not preclude the relief he seeks. (Mot. ¶¶ 2-6.) As the Court observed in its order, actual notice prevents the Plaintiff from making the sort of due process arguments he raises here. 18 U.S.C. § 983(e)(1)(B); *Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005) ("Moreover, the Government notes that 18 U.S.C. § 983(e) is the exclusive remedy available to persons challenging nonjudicial forfeiture actions providing relief only in instances where the injured party **did not receive adequate notice to challenge the proceeding** and the record shows Mesa received notice in

sufficient time to challenge the proceeding and acknowledges receiving such notice. Therefore, the Government argues, Mesa is not entitled to relief. We agree with the Government.") (emphasis added).

The Plaintiff's motion runs into the same problem with regards to equitable tolling: the Plaintiff provides no new arguments or reasons why the Court should have equitably tolled his administrative claim. (Mot. ¶ 6.) Once again, the Court must therefore deny his motion.

Finally, the Plaintiff's argument that the Court improperly terminated his property rights without a judicial decree is both untimely—he could have raised it in response to the Government's motion—and incorrect. The Plaintiff argues that, by granting the motion to dismiss, the Court has violated Article III of the Constitution by refusing to review the forfeiture determination. (Mot. ¶ 4.) The Plaintiff could have made this argument previously; nothing would have prevented him from arguing that the Court would impermissibly violate Article III by refusing to review the forfeiture. *Michael Linet, Inc.*, 408 F.3d at 763

But, because of the constitutional nature of the Plaintiff's claim, the Court will also briefly address its merits. The Plaintiff's argument lacks any substantive support. The Supreme Court case on which the Plaintiff relies for this point—*Stern v. Marshall*—stands for the proposition that bankruptcy courts, as Article I courts, may not resolve state common law claims that are "independent of the federal bankruptcy law and not necessarily resolvable by ruling on a creditor's proof of claim in bankruptcy." 564 U.S. 462, 485-87 (2011). This proposition is unhelpful to the Plaintiff for two reasons.

First, this Court is an Article III court. It reviewed the Plaintiff's complaint, the Government's motion to dismiss, and the Plaintiff's arguments in opposition to that motion. Based on the Plaintiff's allegations, the Court determined that the Plaintiff's claim to contest the forfeiture was barred under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA," 18 U.S.C. §§ 981 and 983). The Plaintiff argued for relief under CAFRA and never argued that CAFRA is unconstitutional or otherwise a violation of his rights. Nor is the Court aware of any constitutional defects that should prevent it from properly applying CAFRA's requirements to the Plaintiff's case. As such, this argument is meritless.

Second, the Plaintiff himself pleaded that he had actual notice of the forfeiture but failed to file his administrative claim in time. (Order at 4-5; Compl. ¶ 1, Ex. A.) The Court was bound by the Plaintiff's allegations in resolving the Government's motion to dismiss. The Plaintiff's lack of timely action on his own rights does not a constitutional violation make. Accordingly, the Court denies the Plaintiff's motion for reconsideration.

## 4. Conclusion

For the reasons set out above, the Court **denies** the Plaintiff's motion for reconsideration. (**ECF No. 19**.)

**Done and ordered** in Miami, Florida, on July 19, 2023.

_____
Robert N. Scola, Jr.
United States District Judge